No. _____

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

IN RE RICHARD TIPTON, III,

Movant.

_____

## CAPITAL CASE

MOTION FOR AUTHORIZATION TO FILE A SUCCESSIVE MOTION
PURSUANT TO 28 U.S.C. § 2255

_____

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson
VSB #39968
Bank of America Center
1111 East Main Street, 16th Floor
Richmond, Virginia 23219
fgerson@dagglaw.com

Gerald W. King, Jr.
Ga. Bar No. 140981
Jeffrey Lyn Ertel
Ga. Bar No. 249966
Federal Defender Program, Inc.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
(404) 688-7530
(fax) (404) 688-0768
Gerald_King@fd.org
Jeff_Ertel@fd.org

*Counsel for Richard Tipton, III*

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................ ii

INTRODUCTION ............................................................................1

PROCEDURAL HISTORY.................................................................3

      A.     Mr. Tipton's Convictions and Sentencing. .........................................3

      B.     Mr. Tipton's Direct Appeal..................................................6

      C.     Mr. Tipton's First 2255 Motion. ..........................................6

      D.     Mr. Tipton's Prior Applications for Authorization.............................7

ARGUMENT ....................................................................................8

      I.     Mr. Tipton's Motion Meets the Requirements of §2255(h). ..............10

      A.     Mr. Tipton's Motion is Timely. ................................11

      B.     *Davis* Announced a New Rule..................................11

      C.     *Davis*'s Rule is, by Its Nature, Constitutional .........................12

      D.     *Davis* Is Retroactive To Cases on Collateral Review...............13

      E.     *Davis*'s New Rule Was Previously Unavailable to Mr. Tipton. .................................................................15

CONCLUSION.................................................................................15

CERTIFICATE OF COMPLIANCE....................................................17

CERTIFICATE OF SERVICE ...........................................................18

# TABLE OF AUTHORITIES

<u>Supreme Court Opinions</u>

*Chaidez v. United States*,
  568 U.S. 342 (2013) ................................................................ 11

*Johnson v. United States*,
  135 S. Ct. 2551 (2015) ............................................................. 7

*Johnson v. United States*,
  546 U.S. 810 (2005) ................................................................. 6

*Lambrix v. Singletary*,
  520 U.S. 518 (1997) ............................................................... 11

*Schriro v. Summerlin*,
  542 U.S. 348 (2004) ............................................................... 13

*Sessions v. Dimaya*,
  __ U.S. __, 138 S. Ct. 1204 (2018) ..................................... 7, 8

*Shepard v. United States*,
  544 U.S. 13 (2005) ................................................................... 8

*Smith v. United States*,
  508 U.S. 223 (1993) ............................................................... 12

*Teague v. Lane*,
  489 U.S. 288 (1989) ........................................................... 11, 13

*Tipton v. United States*,
  520 U.S. 1253 (1997) ............................................................... 6

*Tipton v. United States*,
  546 U.S. 810 (2005) .................................................................6

*Tyler v. Cain*,
  533 U.S. 656 (2001) ............................................................... 13

*United States v. Davis*,
  __ U.S. __, 139 S. Ct. 2319 (2019) .............................. passim

*Welch v. United States*,
  136 S. Ct. 1257 (2016) ..................................................... 7, 12, 14

Federal Court Opinions

*In re Hammond*,
  931 F.3d 1032 (11th Cir. 2019) ....................................................................... 15

*In re Hubbard*,
  825 F.3d 225 (4th Cir. 2016) ......................................................................... 10

*Miller v. United States*,
  735 F.3d 141 (4th Cir. 2013) ......................................................................... 13

*In re Mullins*,
  942 F.3d 975 (10th Cir. 2019) ....................................................................... 15

*San-Miguel v. Dove*,
  291 F.3d 257 (4th Cir. 2002) ......................................................................... 13

*United States v. Dixon*,
  789 Fed. Appx. 371 (4th Cir. 2020) ............................................................... 14

*United States v. Littlejohn*,
  2020 WL 639642 (4th Cir., Feb. 11, 2020) ..................................................... 12

*United States v. MacDonald*,
  641 F.3d 596 (4th Cir. 2011) ......................................................................... 10

*United States v. Mathis*,
  932 F.3d 242 ................................................................................................. 14

*United States v. NJB*,
  104 F.3d 630 (4th Cir. 1997) ........................................................................... 2

*United States v. Reece*,
  938 F.3d 630 (5th Cir. 2019) ..................................................................... 12, 14

*United States v. Roane*,
  378 F.3d 382 (4th Cir. 2004) ........................................................................... 6

*United States v. Simms*,
  914 F.3d 229 (4th Cir. 2019) (en banc) ......................................................... 7, 8

*United States v. Taylor*,
  No. 19-7616 (Feb. 12, 2020 4th Cir.) ..............................................................9

*United States v. Tipton*,
  90 F.3d 861 (4th Cir. 1996) ................................................................. 6

*United States v. Turner*,
  198 F.3d 425 (4th Cir. 1999) .............................................................. 2

United States Code

18 U.S.C. § 924 ...................................................................... passim
18 U.S.C. § 1959 .................................................................... 4, 5, 9
21 U.S.C. § 841 ............................................................................ 4
21 U.S.C. § 846 ......................................................................... 3, 6
21 U.S.C. § 848 ...................................................................... passim
21 U.S.C. § 924 ...................................................................... passim
28 U.S.C. § 2244 ........................................................................ 3
28 U.S.C. § 2255 ..................................................................... passim

## INTRODUCTION

Pursuant to 28 U.S.C. § 2255(h)(2), Richard Tipton, III, respectfully moves this Court for authorization to file the attached, successive motion in the United States District Court for the Eastern District of Virginia (hereinafter "2255 Motion," attached as Appendix A).  Mr. Tipton's 2255 Motion seeks relief from his convictions and sentences for two counts of using a firearm in relation to a "crime of violence" or drug trafficking crime in violation of 18 U.S.C. § 924(c) (Counts 20 and 26)[1] because the Supreme Court's decision in *United States v. Davis*, __ U.S. __, 139 S. Ct. 2319 (2019), has rendered them unconstitutional.

Before *Davis*, § 924(c) included two alternative clauses defining "crime of violence."  The first, § 924(c)(3)(A), is commonly referred to as the "force" or "elements" clause and applies to any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  The second, § 924(c)(3)(B), was commonly referred to as the "residual clause" and applied to any felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  *Davis*, however, held that § 924(c)(3)'s residual clause is void for vagueness, violates the Due Process Clause, and,

---

[1] Mr. Tipton's Second Superseding Indictment is attached as Exhibit 1 to his proposed § 2255 motion.

1

accordingly, unconstitutionally imposed criminal punishment. 139 S. Ct. 2319 (2019).

Absent § 924(c)'s residual clause, none of Mr. Tipton's purported predicate offenses can categorically qualify as a "crime of violence" because (1) none has as a required element the use, attempted use, or threatened use of violent physical force, and (2) each can be accomplished without the defendant's intentional use, attempted use, or threatened use of the same. Moreover, as the record does not establish the specific offense used by the jury as the predicate offense for his § 924(c) convictions, reviewing courts cannot assume that the jury chose a predicate that authorized conviction for a drug trafficking crime as an alternative to a crime of violence. [2]

As § 924(c)'s residual clause is void and its force clause is unsatisfied, Mr. Tipton's convictions and sentences: (1) violate due process; (2) violate the laws of the United States and result in a fundamental miscarriage of justice; and (3) were entered in excess of the district court's jurisdiction. Mr. Tipton is accordingly innocent of the § 924(c) offenses, and his convictions and their associated sentences are void.

---

[2] For example, while 21 U.S.C. § 848 *can* involve drug-trafficking, it *also* serves as a "substantive crime of violence." *United States v. Turner*, 198 F.3d 425, 432 (4th Cir. 1999) *United States v. NJB*, 104 F.3d 630, 635 (4th Cir. 1997) ("848(e) clearly sets forth a separate substantive violent offense").

2

Because Mr. Tipton previously pursued a collateral attack on his conviction and sentence under 28 U.S.C. § 2255, however, he may not pursue relief in the District Court without this Court's authorization.  Per the United States Code, such authorization is appropriate when the petitioner makes a "*prima facie* showing" that his proposed claim "contain[s]" a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2); 28 U.S.C. § 2244(b)(3).  As *Davis* meets each of these criteria, Mr. Tipton urges this Court to authorize his 2255 Motion.

## PROCEDURAL HISTORY

### A.    Mr. Tipton's Convictions and Sentencing.

On February 3, 1993, Mr. Tipton was convicted of the following offenses: Conspiracy to possess cocaine base with intent to distribute in violation of 21 U.S.C. § 846[3]; engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848(a)[4]; six counts of murder "while engaged in and working in furtherance of" a CCE in violation of 21 U.S.C. § 848(e)[5]; six counts of murder "to maintain or increase position in racketeering enterprise" in violation of 18 U.S.C. §

---

[3]Count 1.

[4]Count 2.

[5]Counts 3, 17, 18, 19, 24, and 25.

3

1959[6]; two counts of maiming "to maintain or increase position in racketeering enterprise" in violation of 18 U.S.C. § 1959[7]; two counts of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1)[8]; and, most relevant to this motion, two counts of using a firearm in relation to a crime of violence or a drug trafficking crime, 21 U.S.C. § 924(c).[9]

The District Court instructed Mr. Tipton's jury that it could find him guilty of his charges under 18 U.S.C. § 1959 based upon any of the substantive crimes listed in the statute, including *conspiracy* to commit them. Tr. 3219-20. The District Court further instructed the jury that it could find him guilty of his 21 U.S.C. § 848(e) charges if it concluded that he had *counseled, commanded, induced, procured, or caused* the intentional killing of the named victim. Tr. 3216-17.

As for Mr. Tipton's § 924(c) offenses, the Second Superseding Indictment offered multiple § 848(e) and § 1959 counts as the predicate offenses for each.

---

[6]Counts 4, 21, 22, 23, 27, and 28. As noted above, the indictment did not identify for these counts any federal or state murder statute, nor was the jury instructed as to a specific murder statute to consider.

[7]Counts 29 and 30.

[8]Counts 32 and 33.

[9]Counts 20 and 26.

4

*See* Exhibit 1 to Attachment A. For the first, Count 20, the indictment cited: conspiracy, as charged in Count 1; the § 848(e) violations charged in Counts 17, 18, and 19; and the § 1959 violations charged in Counts 21, 22 and 23. *Id.* at 15. For the second, Count 26, the indictment cited: conspiracy, again as charged in Count 1; § 848(e) violations as charged in Counts 24 and 25; § 1959 violations as charged in Counts 27 and 28; and the § 1959 maiming violations charged in Counts 29 and 30. *Id.* at 15.

When instructing the jury, however, the District Court made no reference to the predicate offenses. Tr. 3221-24. Rather, it simply read the text of § 924(c)(1) to the jury, including a nearly verbatim reading of its force and residual clauses. *Id.* Nor did the District Court identify certain counts as drug trafficking crimes, merely stating generally that "[t]he offenses alleged . . . are crimes of violence *or* drug trafficking crimes." Tr. 3223. The District Court repeatedly admonished the jury to refer to Mr. Tipton's verdict form to "assist" it in "giving individual consideration to each…count against him," Tr. 3219-22, but that form required no specific findings as to the predicate or § 924(c) offenses, directing the jury only to find Mr. Tipton "Guilty or Not Guilty." *See* discussion, Appendix A at 4, 18-22.

At the conclusion of the penalty phase, the jury recommended death sentences for three § 848(e) violations (Counts 3, 24 and 25). The jury also recommended sentences of life for three § 848(e) violations for which the

5

prosecution had sought the death penalty. The District Court sentenced Mr. Tipton in accord with the jury's recommendation, also imposing terms of imprisonment for the non-capital counts of which he was convicted, including the two § 924(c) counts.

### B.    Mr. Tipton's Direct Appeal.

Mr. Tipton timely appealed to the Fourth Circuit, raising issues relating to the guilt and penalty phases of his trial. This Court held that Mr. Tipton's conviction under 21 U.S.C. § 846 violated the Constitution's double jeopardy clause and therefore vacated Mr. Tipton's conviction under Count 1, but otherwise affirmed his convictions and death sentences. *United States v. Tipton*, 90 F.3d 861, 891 (4th Cir. 1996). The Supreme Court denied certiorari. *Tipton v. United States*, 520 U.S. 1253 (1997).

### C.    Mr. Tipton's First 2255 Motion.

In 1998, Mr. Tipton filed a timely motion for collateral relief under § 2255, raising claims of error in both the guilt and penalty phases of his trial. The District Court denied relief. *Tipton v. United States*, No. 3:92CR68 (E.D.Va. Nov. 26, 2003). This Court affirmed the denial of relief. *United States v. Roane*, et al, 378 F.3d 382 (4th Cir. 2004). The Supreme Court denied certiorari. *Tipton v. United States*, 546 U.S. 810 (2005).

### D.     Mr. Tipton's Prior Applications for Authorization.

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague.  The Court subsequently found *Johnson*'s rule substantive and retroactively applicable to cases on collateral review.  *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

On May 20, 2016, Mr. Tipton moved this Court for authorization to file a successive § 2255 motion challenging his § 924(c) convictions and sentences based upon *Johnson* and *Welch*.  (Doc. 1, *In re: Tipton*, No. 16-7.)  This Court denied that motion on June 6, 2016 . (Doc. 13, No. 16-7.)

On April 17, 2018, the Supreme Court held in *Sessions v. Dimaya,* __ U.S. __, 138 S. Ct. 1204, 1223 (2018), that the residual clause of the federal criminal code's definition of a "crime of violence," as codified in § 16(b) of Title 18, was void for vagueness and violated the Due Process Clause of the Fourteenth Amendment.

On April 17, 2019, Mr. Tipton moved this Court for authorization to file a successive 2255 motion challenging his § 924(c) convictions and sentences.  That motion relied upon both *Dimaya* and this Court's en banc decision in *United States v. Simms,* 914 F.3d 229 (4th Cir. 2019) (*en banc*), which held that *Dimaya* necessarily invalidated § 924(c)(3)(B)'s residual clause as well.  (Doc.1, *In re*

7

*Tipton*, 19-2.)  This Court summarily denied Mr. Tipton's application on May 14, 2019.  (Doc. 9, *In re Tipton*, 19-2.)

Mr. Tipton now files this motion for authorization based on the Supreme Court's holding in *Davis*, which unlike *Johnson and Dimaya*, directly addressed and invalidated § 924(c)'s residual clause.

### ARGUMENT

As noted *supra*, *Davis* held that the residual clause in § 924(c)'s definition of a "crime of violence" is void for vagueness and violates the Due Process Clause. 139 S. Ct. 2319 (2019).  Accordingly, a § 924(c) conviction cannot remain valid unless its predicate "crime of violence" satisfies the elements-based, categorical approach required by § 924(c)(3)(a)'s "force" or "elements" clause.  As described in the accompanying § 2255 motion to the District Court, a reviewing court applying the categorical approach determines only "whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force."  *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc) *cert. denied*, 140 S. Ct. 304 L.Ed. 2d (2019).  Moreover, the requirements of § 924(c) cannot be satisfied unless the record established with "certainty" that the defendant was "necessarily" convicted of an offense that qualifies as a "crime of violence."  *Shepard v. United States*, 544 U.S. 13, 21 (2005).  Accordingly, in cases where the record does not establish which of multiple offenses the jury might

8

have found as the predicate, the § 924(c) conviction cannot be sustained if even *one* of the possible predicates is not categorically a crime of violence.[10]

As Mr. Tipton's 2255 Motion details, at least two types of offenses charged as predicates for his § 924(c) counts—those pursuant to § 1959(a) and § 848(e)–cannot categorically qualify as "crimes of violence" absent the residual clause voided by *Davis*.[11] Moreover, the record does not conclusively establish which of the many possible predicates listed were relied upon by the jury when convicting him of § 924(c) violations. Finally, the record cannot establish with certainty whether § 848(e) was considered by the jury as a crime of violence or a drug trafficking charge, which prevents its use as an alternative predicate for the § 924(c) offenses.

---

[10]This Court recently granted a certificate of appealability on the question of "whether an 18 U.S.C. § 924(c) conviction is subject to vacatur where the indictment charged multiple predicates, one of which is invalid." Order, *United States v. Taylor*, No. 19-7616 (Feb. 12, 2020 4th Cir.).

[11]As discussed in the attached 2255 Motion, neither conspiracy to commit murder (which the jury was instructed it could find with regard to the § 1959 counts) nor counseling, commanding, procuring or causing a killing (which the jury was instructed it could find with regard to the § 848(e) counts) requires the use, attempt or threat of use of strong physical force. Additionally, neither the indictment nor the jury instructions ever identify the type of murder the jury had to find to convict of the § 1959 counts. In the absence of a state or federal murder definition, it is impossible for a court to conduct a categorical analysis of the elements required to determine whether a predicate crime is a "crime of violence" under § 924(c)'s elements clause.

9

By virtue of the *Davis* decision, Mr. Tipton meets the requirements of 28 U.S.C. § 2255(h)(2) for this Court to grant authorization for Mr. Tipton to move for relief in the District Court.

## I.     MR. TIPTON'S MOTION MEETS THE REQUIREMENTS OF §2255(H).

The gatekeeping provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") allows a federal prisoner to apply for leave to file a successive § 2255 motion.  28 U.S.C. § 2255(h); *United States v. MacDonald*, 641 F.3d 596, 609 (4th Cir. 2011) ("§ 2255(h) spells out the standard applicable to those in federal custody").  A movant is entitled to authorization if he makes a prima facie showing that the claim in his motion is timely and relies upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).  The question of whether Mr. Tipton's 2255 Motion will ultimately succeed is not before this Court at this juncture.  *See In re Hubbard*, 825 F.3d 225, 231 (4th Cir. 2016) ("It is for the district court to determine whether the new rule extends to the movant's case, not for this court in this proceeding"). Accordingly, this Court must focus its inquiry on whether Mr. Tipton has satisfied the requirements of § 2255(h), which he has.

10

**A. Mr. Tipton's Motion is Timely.**

Under 28 U.S.C. § 2255(f), a § 2255 motion must be filed within a one-year limitations period. Where, as here, the motion is pursuant to a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). The Supreme Court decided *Davis* on June 24, 2019. 139 S. Ct. 2319. Because this application has been filed within one year of that date (*i.e.*, before June 24, 2020), the attached § 2255 Motion is timely.

**B. *Davis* Announced a New Rule.**

A "case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). "And a holding is not so dictated," the Court has made clear, "unless it would have been 'apparent to all reasonable jurists.'" *Chaidez*, 568 U.S. at 347 (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527-28 (1997)).

*Davis* plainly announced a new rule. When Mr. Tipton's conviction became final in July 1996, no precedent suggested—much less "*dictated*"—that § 924(c)'s residual clause was unconstitutional. On the contrary, the Supreme Court had construed the language of the residual clause of § 924(c)(3)(B), but did not hold

11

that it was constitutionally problematic. *See, e.g.*, *Smith v. United States*, 508 U.S. 223, 227-28 (1993).

As noted *supra*, Mr. Tipton has previously submitted § 2255(h)(2) applications arguing that earlier Supreme Court holdings striking similar residual clauses in different statutes entitled him to a successive 2255 motion. But those applications do not diminish the newness of *Davis*'s rule, which, again, was not dictated by existing precedent when Mr. Tipton's conviction became final in 1996 and, unlike the Court's prior decisions analogized by Mr. Tipton, directly and explicitly invalidated § 924(c)(3)(B). *See, e.g.*, *United States v. Reece*, 938 F.3d 630 (5th Cir. 2019) ("[T]he *Davis* rule resolved a circuit split regarding the residual clause's constitutionality, which evidences that the result in *Davis* was not apparent to all reasonable jurists.").

### C. *Davis*'s Rule is, by Its Nature, Constitutional

Nor is there any dispute that *Davis* announced a *constitutional* rule. The Court found § 924(c)(3)(B)'s residual clause void under the Due Process Clause. 138 S. Ct. at 2336. As *Davis* held that provision unconstitutional, its rule is certainly constitutional in nature. *United States v. Littlejohn*, 2020 WL 639642 (4th Cir., Feb. 11, 2020) ("The § 924(c) residual clause is unconstitutionally vague"). *See also Welch*, 136 S. Ct. at 1261 (reaffirming that "the void-for-

vagueness doctrine" is "mandated by the Due Process Clause[] of the Fifth Amendment").

### D. *Davis* Is Retroactive To Cases on Collateral Review.

*Davis*'s new rule also satisfies 28 U.S.C. § 2255(h)(2) requirement of retroactivity. Per *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a rule that is both "new" and "substantive." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); *Miller v. United States*, 735 F.3d 141, 145 (4th Cir. 2013). *Davis*'s rule is "new" for the reasons discussed *supra*. It is also "substantive," as discussed *infra*.

The Supreme Court makes a new rule of constitutional law retroactive to cases on collateral review in one of two ways: by explicitly declaring it retroactive, or through a combination of holdings that "necessarily dictate retroactivity of the new rule." *Tyler v. Cain*, 533 U.S. 656, 666 (2001); *see also San-Miguel v. Dove*, 291 F.3d 257, 260 (4th Cir. 2002). Here, *Davis*'s retroactivity is "necessarily dictate[d]" by a long line of Supreme Court cases holding that "[n]ew *substantive* rules generally apply retroactively." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); *see also Miller v. United States*, 735 F.3d 141, 145 (4th Cir. 2013). A rule is "substantive" when it "narrow[s] the scope of a criminal statute by interpreting its terms." *Schriro*, 542 U.S. at 351-52.

13

*Davis*, of course, establishes that, pursuant to the Due Process Clause, some offenses can no longer be considered "crimes of violence" within the meaning of § 924(c), thus rendering some conduct that was formerly criminal no longer criminal under that statute. *See, e.g.*, *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (holding that after *Davis*, VICAR based on kidnapping under Virginia law is no longer a § 924(c) crime of violence). Accordingly, its rule is substantive.

A decision is also "substantive" if it "alters . . . the class of persons that the law punishes." *Welch*, 136 S. Ct. at 1264-165 (citation omitted). In *Welch*, for example, the Supreme Court found that *Johnson* was retroactive because it altered the punishment for those people who had been subject to the ACCA but, after the excision of its residual clause, could no longer be classified as armed career criminals. This reasoning applies with even more force here. *Davis* not only alters sentences, but also places a class of people outside of the reach of § 924(c) liability for predicate offenses that fell solely within its now-defunct residual clause.

For these reasons, *Davis* is substantive, and in turn, retroactive to cases on collateral appeal. Courts, unsurprisingly, have recognized it as such. *See, e.g.*, *United States v. Dixon*, 789 Fed. Appx. 371 (4th Cir. 2020) (granting a certificate of appealability where the parties agreed that *Davis* applies retroactively). *See also*, *United States v. Reece*, 938 F.3d at 635 (5th Cir. 2019) (holding that the rule announced in *Davis* meets the standard for a new substantive rule and applies

14

retroactively.); *In re: Mullins*, 942 F.3d 975 (10th Cir. 2019) (same); *In re: Hammond*, 931 F.3d 1032 (11th Cir. 2019) (same).

### E. *Davis'*s New Rule Was Previously Unavailable to Mr. Tipton.

Finally, for the reasons discussed above, there can be no dispute that *Davis*'s new constitutional rule was previously available to Mr. Tipton during his direct review, which concluded in 1997, or during his prior § 2255 filings. *Davis* marked the first occasion when the Supreme Court applied the constitutional vagueness analysis to the residual clause in 18 U.S.C. § 924(c) and found it wanting.

### CONCLUSION

For all the above reasons, Mr. Tipton respectfully requests that this Court grant his motion and allow him to present the attached 28 U.S.C. § 2255 motion before the District Court.

15

Respectfully submitted on this, the 8th day of June, 2020.

*/s/ Gerald W. King, Jr.*

Gerald W. King, Jr.
Ga. Bar No. 140981
Jeffrey Lyn Ertel
Ga. Bar No. 249966
Federal Defender Program, Inc.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Gerald_King@fd.org
Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson
VSB #39968
Bank Of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219
fgerson@dagglaw.com

Counsel for Richard Tipton, III.

# CERTIFICATE OF COMPLIANCE

1.     This brief contains 3445 words, excluding the parts of the brief exempted from the word count by Local Rule 27(d)(2) and Rule 32(f).

2.     This Motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

2.     This brief complies with the font, spacing, and type size requirements set forth in Local Rule 32(a)(5).

     Dated:  June 8, 2020

*/s/ Gerald W. King, Jr.*

Gerald W. King, Jr.

Counsel for Richard Tipton, III

17

## CERTIFICATE OF SERVICE

I certify that on this 8th day of June, 2020, the foregoing document was

served on all parties or their counsel of record though the CM/ECF system and will

be served electronically via email on the attorney listed below:

>Richard Cooke, Esq.
>U.S. Attorney's Office
>Eastern District of Virginia
>2100 Jamison Avenue
>Alexandria, Virginia 22314
>Richard.Cooke@usdoj.gov

This 8th day of June, 2020.

>>/s/ Gerald W. King, Jr.
>>Gerald W. King, Jr.
>>Counsel for Richard Tipton, III

18