NO. 20-10

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

IN RE RICHARD TIPTON, III,

MOVANT.

_____

## CAPITAL CASE

REPLY TO UNITED STATES' RESPONSE TO MOTION FOR
AUTHORIZATION PURSUANT TO 28 U.S.C. § 2255

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson
VSB #39968
Bank of America Center
1111 East Main Street, 16th Floor
Richmond, Virginia 23219
fgerson@dagglaw.com

Gerald W. King, Jr.
Ga. Bar No. 140981
Jeffrey Lyn Ertel
Ga. Bar No. 249966
Federal Defender Program, Inc.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
(404) 688-7530
(fax) (404) 688-0768
Gerald_King@fd.org
Jeff_Ertel@fd.org

*Counsel for Richard Tipton, III*

# TABLE OF CONTENTS

Table of Citations ........................................................................................ ii

Reply To United States' Response To Motion For Authorization Pursuant To 28 U.S.C. § 2255 ..........................................................................................1

I.      Mr. Tipton's Motion Meets the Prima Facie Showing of § 2255 ...................2

II.     The Modified Categorical Approach Controls The Analysis  When the Predicates for § 924(c) Convictions Cannot Be Identified with Certainty ........................................................................................................4

        A.      The Modified Categorical Approach is Used to Determine the Predicates Upon Which § 924(c) Convictions Rest ...........................5

        B.      The Government's Fact-Based Harmless Error Analysis is Inapposite. ........................................................................................7

Conclusion ...................................................................................................10

Certificate of Compliance ...........................................................................12

Certificate of Service ..................................................................................13

i

## TABLE OF CITATIONS

Supreme Court Opinions

*Brecht v. Abrahamson*,
    507 U.S. 619 (1993) ...................................................................... 8

*Mathis v. United States*,
    136 S. Ct. 2243 (2016) ................................................................... 5

*Shepard v. United States*,
    544 U.S. 13 (2005) ................................................................. *passim*

*Smith v. United States*,
    508 U.S. 223 (1993) ..................................................................... 10

*Taylor v. United States*,
    495 U.S. 575 (1990) ....................................................................... 4

*Uhuru v. United States*,
    140 S. Ct. 639 (2019) ..................................................................... 5

*United States v. Davis*,
    139 S. Ct. 2319 (2019) ............................................................ *passim*

Federal Court Opinions

*In re Gomez*,
    830 F.3d 1225 (11th Cir. 2016) ..................................................... 10

*In re Hammoud*,
    931 F.3d 1032 (11th Cir. 2019) ....................................................... 3

*In re Hoffner*,
    870 F.3d 301 (3d Cir. 2017) ............................................................ 3

*In re Hubbard*,
    825 F.3d 225 (4th Cir. 2016) ....................................................... 1, 3

*In re Irby*
    858 F.3d 231 (4th Cir. 2017) ........................................................... 3

*In re Mullins*,
   942 F.3d 975 (10th Cir. 2019) ........................................................ 2-3

*In re Williams*,
   330 F.3d 277 (4th Cir. 2003) ......................................................... 2-3

*United States v. Berry, No. 3:09-cr-00019*,
   2020 WL 591569 (W. D. Va. Feb. 6, 2020) ...................................... 6

*United States v. Boykin*,
   669 F.3d 467 (4th Cir. 2012) .......................................................... 7-8

*United States v. Castillo-Marin*,
   684 F.3d 914 (9th Cir. 2012) ............................................................ 8

*United States v. Chapman*,
   666 F.3d 220 (4th Cir. 2012) ............................................................ 5

*United States v. Clay*,
   627 F.3d 959 (4th Cir. 2010) ............................................................ 5

*United States v. Dantzler*,
   771 F.3d 137 (2d Cir. 2014) ............................................................. 8

*United States v. Dixon*,
   789 Fed. Appx. 371 (4th Cir. 2020) ................................................. 2

*United States v. Evans*,
   848 F.3d 242 (4th Cir. 2017) ............................................................ 4

*United States v. Fuertes*,
   805 F.3d 485 (4th Cir. 2015) ........................................................ 4, 9

*United States v. Hastings*,
   134 F.3d 235 (4th Cir. 1998) ............................................................ 9

*United States v. Jefferson*,
   674 F.3d 332 (4th Cir. 2012) ............................................................ 9

iii

*United States v. Lettiere, No. CR 09-049-M-DWM*,
  2018 WL 3429927 (D. Mont. July 16, 2018) ....................................................... 6

*United States v. MacDonald*,
  641 F.3d 596 (4th Cir. 2011) ............................................................................... 2

*United States v. Mathis*,
  932 F.3d 242 (4th Cir. 2019) ............................................................................... 5

*United States v. McCall, No. 3:10CR170-HEH*,
  2019 WL 4675762 (E.D. Va. Sept. 25, 2019) ..................................................... 5

*United States v. Robinson*,
  1627 F.3d 941 (4th Cir. 2010) ............................................................................. 9

*United States v. Savoires*,
  430 F.3d 376–81 (6th Cir. 2005) ....................................................................... 10

*United States v. Simms*,
  914 F.3d 229 (4th Cir.) (en banc) ............................................................... 4, 6, 7

*United States v. Vann*,
  660 F.3d 771 (4th Cir. 2011) (en banc) ............................................................... 5

*In re Williams*,
  330 F.3d 277 (4th Cir. 2003) ........................................................................... 1, 3

<u>United States Code</u>

18 U.S.C. § 924 ....................................................................................... *passim*

18 U.S.C. § 1959 ..................................................................................... 6, 10

21 U.S.C. § 848 ....................................................................................... 6, 10

28 U.S.C. § 2244 ............................................................................................ 2

28 U.S.C. § 2255 ................................................................................... passim

iv

**REPLY TO UNITED STATES' RESPONSE TO MOTION FOR
AUTHORIZATION PURSUANT TO 28 U.S.C. § 2255**

Rather than addressing the question before this Court—whether movant Richard Tipton has made the prima facie showing necessary to authorize him to file a successive § 2255 petition—the Government tried to change the subject. Instead, it filed a Response aimed exclusively at the merits of the claims that petition would present to the District Court. Mr. Tipton's Motion readily clears the "relatively low bar" for authorization because it satisfies each of § 2255's requirements and presents a "plausible" claim on the merits. *Hubbard*, 825 F.3d at 230–31. Mr. Tipton's claim under *United States v. Davis*, 139 S. Ct. 2319 (2019), clearly "warrant[s] a fuller exploration by the district court." *In re Hubbard*, 825 F.3d 225, 232 (4th Cir. 2016) (quoting *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003)). Thus, the Response's attempt to erect procedural obstacles and introduce collateral questions is unavailing.

Moreover, the Government's fact-based, plain error analysis fails on its own terms. Under a proper application of the modified categorical approach, Mr. Tipton's § 924(c) convictions can no longer stand. Accordingly, Mr. Tipton's Motion should be granted.

1

## I.      Mr. Tipton's Motion Meets the Prima Facie Showing of § 2255

At this juncture, the inquiry before this Court is whether Mr. Tipton "makes a prima facie showing that the application satisfies the requirements of [Section 2244(b)(3)]." 28 U.S.C. § 2244(b)(3); 2255(h); *United States v. MacDonald*, 641 F.3d 596, 609 (4th Cir. 2011) ("[Section] 2255(h) spells out the standard applicable to those in federal custody."). To do so, he must demonstrate that a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, [and] that was previously unavailable" applies to the claim he wishes to present. §§ 2255(h)(2), 2244(b)(3)(C). The Response studiously ignores these requirements—and, in so doing, all but concedes that Mr. Tipton has satisfied them.

As Mr. Tipton has detailed in his motion, *Davis* is indisputably a new rule of constitutional law that, by invalidating § 924(c)'s residual clause, has clear relevance for the constitutionality of his convictions under that statute. 139 S. Ct. 2319. Nor is there serious dispute as to *Davis's* retroactivity to cases on collateral review. § 2255(h)(2); s*ee*, *e.g.*, *United States v. Dixon*, 789 Fed. Appx. 371 (4th Cir. 2020) (granting certificate of appealability where parties agreed *Davis* applies retroactively); *see also In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019) ("We conclude that the Supreme Court has made *Davis* retroactively applicable to cases

2

on collateral review."). Finally, *Davis*'s new rule was unavailable when Mr. Tipton's direct review concluded in 1997.

Rather than face these facts, the Government attempts to redirect this Court into a discussion of the merits of Mr. Tipton's claims, a tact it justifies by citing *In re Irby* for the proposition that Mr. Tipton "must make a 'plausible' claim for relief." 858 F.3d 231, 233 (4th Cir. 2017). But this diversion flouts precedent establishing that "[i]t is for the district court to determine whether the new rule extends to the movant's case, not for this court in this proceeding." *Hubbard*, 825 F.3d at 231; *see also In re Hammoud*, 931 F.3d 1032, 1040-41 (11th Cir. 2019) (reaffirming that the district court in the first instance will consider the merits of a § 2255 motion); *In re Hoffner*, 870 F.3d 301, 309 (3d Cir. 2017) ("It is for the district court to evaluate the merits of the second or successive habeas petition in the first instance.") Yet, the Government incorrectly proceeds to make a merits argument that is properly suited for the district court. *See Williams*, 330 F.3d at 282 ("While [this Court's] determination may entail a cursory glance at the merits—for example, an applicant cannot show that he would not have been convicted 'but for constitutional error' without adequately alleging some constitutional violation—the focus of the inquiry must always remain" on the prima facie standard.)

3

**II.    The Modified Categorical Approach Controls The Analysis When the Predicates for § 924(c) Convictions Cannot Be Identified with Certainty.**

The Government's attempt to belittle the merits is not only premature; it fails on its own terms.  Mr. Tipton's proposed 2255 Motion details how *Davis*'s rescission of § 924(c)(3)(B)'s "residual clause" as unconstitutional invalidates his convictions under that statute. *See* Motion for Authorization, ECF No. 2-2, at 15–35.  Yet, the Government asserts that none of Mr. Tipton's § 924(c) convictions depended on the residual clause—a contention that is incorrect on the facts and the law.

In the first place, the Government ignores the categorical approach, which is required by this Circuit and the Supreme Court to determine whether a predicate crime constitutes a "crime of violence" within the meaning of § 924(c)'s surviving "force" or "elements" clause.  *See United States v. Evans*, 848 F.3d 242, 245-46 (4th Cir. 2017); *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015). Following the categorical approach, reviewing courts "must look only to the statutory definitions"—*i.e.*, the elements—of a defendant's offense and "not to the particular facts underlying [the offense]." *Taylor v. United States*, 495 U.S. 575, 600 (1990); *see also United States v. Simms*, 914 F.3d 229, 233 (4th Cir.) (en banc) *cert. denied*, 140 S. Ct. 304 (2019).  The courts may, if necessary, employ the "modified categorical approach" and consult certain documents to help

4

"'determine what crime, with what elements,' formed the basis of a defendant's conviction." *United States v. Mathis*, 932 F.3d 242, 264 (4th Cir. 2019) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)), *cert. denied, Uhuru v. United States*, 140 S. Ct. 639 (2019).  The record does not establish that Mr. Tipton's predicate crimes meet § 924(c)'s criteria with the requisite "certainty," so the fact-based, plain-error analysis proposed by the Government does not apply. As a result, Mr. Tipton's § 924(c) convictions must be vacated.

### A.    The Modified Categorical Approach is Used to Determine the Predicates Upon Which § 924(c) Convictions Rest.

Under the modified categorical approach, an offense cannot qualify as a § 924(c) predicate unless the indictment, jury instructions, and verdict establish with "certainty" that the defendant was "*necessarily*" convicted of an offense that qualifies as a valid § 924(c) predicate.  *Shepard v. United States*, 544 U.S. 13, 21, 25-26 (2005) (emphasis added); *United States v. Clay*, 627 F.3d 959, 966 (4th Cir. 2010) ("plausibility or even likelihood" is not enough).  When these *Shepard* documents fail to establish *conclusively* that the predicate qualifies, the court must assume that the defendant was instead convicted of the "least serious" offense authorized by the statute.  *United States v. Vann*, 660 F.3d 771, 775 (4th Cir. 2011) (en banc); *United States v. Chapman*, 666 F.3d 220, 228 (4th Cir. 2012).  Further, a § 924(c) conviction cannot be sustained if any one of the possible predicates is not categorically a crime of violence.  *United States v. McCall*, No. 3:10CR170-HEH,

5

2019 WL 4675762, at \*6–7 (E.D. Va. Sept. 25, 2019) (vacating § 924(c)

conviction post- *Davis* because jury could have based § 924(c) verdict on an

offense not constituting crime of violence); *United States v. Berry*, No. 3:09-cr-

00019, 2020 WL 591569, at \*3 (W. D. Va. Feb. 6, 2020) (same); *United States v.*

*Lettiere*, No. CR 09-049-M-DWM, 2018 WL 3429927, at \*4 (D. Mont. July 16,

2018) (same).

Without engaging in the merits discussion meant for the District Court, Mr.

Tipton notes that the *Shepard* documents and statutes defining his purported

predicate offenses fall well short of establishing with "certainty" that those

predicates constituted crimes of violence under § 924(c)'s surviving "force" or

"elements" clause.  The *Shepard* documents identify as many as four types of

conduct criminalized by § 1959 and as many criminalized by § 848(e).   While the

District Court instructed Mr. Tipton's jury that it could find him guilty of his

charges under 18 U.S.C. § 1959 based upon any of the substantive crimes listed in

the statute, including conspiracy to commit them, Tr. 3219-20, this Circuit has

explicitly held that conspiracy does not qualify as a categorical "crime of violence"

and cannot support a § 924(c) conviction. *Simms*, 914 F.3d at 233–34.[1]  Nor would

"counseling" or "commanding" an intentional killing, which the District Court said

---

[1] Conduct described in 18 U.S.C. § 1959, even if drug-related, cannot constitute a
"drug-trafficking crime" under the narrow definition found in § 924(2).

would authorize conviction under § 848(e), Tr. 3216- 17, as they, like conspiracy, do not "invariably require the actual, attempted, or threatened use of physical force," *Simms*, 914 F.3d at 234.  Thus, the jury could have convicted Mr. Tipton of carrying a firearm for either of these offenses with neither qualifying as a predicate for § 924(c) predicate.[2]  Moreover, the jury instructions allowed for a non-unanimous verdict on the underlying offense, underscoring the ambiguity and harmfulness of the *Shepard* errors.  And, as the record does not establish the specific offense used by the jury as the predicate for his § 924(c) convictions, reviewing courts cannot assume that the jury chose one that authorized conviction for a drug trafficking crime as an alternative to a crime of violence.

### B.    The Government's Fact-Based Harmless Error Analysis is Inapposite.

Rather than accept or engage with the modified categorical approach—which, again, is the binding precedent in the Supreme Court and this Circuit—the Government urges this Court to do precisely what that approach forbids, and engage instead with a fact-based, harmless error analysis.  This should be unavailing, as evidenced by this Court's longstanding and continuing application of the modified categorical approach when evaluating such claims, and its

---

[2] As discussed in Mr. Tipton's proposed Motion to Vacate, these are not the only potential predicates that no longer support a § 924(c) conviction following *Davis*.

accompanying rejection of the alternative factual inquiry urged here. *See United States v. Boykin*, 669 F.3d 467, 472 (4th Cir. 2012) (applying modified categorical approach and looking only to approved *Shepard* documents even on plain error review); *United States v. Dantzler*, 771 F.3d 137, 148 (2d Cir. 2014) (same); *United States v. Castillo-Marin*, 684 F.3d 914, 926 (9th Cir. 2012) (same).

Although the cited cases involved plain error on direct appeal, the analysis still applies here. The third prong of their plain-error analysis—the prejudice inquiry—is identical to the harmless error inquiry on collateral review, with both asking whether the error had a "substantial and injurious effect" on the outcome of the proceeding. *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993) (citation omitted). In conducting this "substantial and injurious effect" inquiry, this Court in *Boykin* and its sister circuits in *Dantzler* and *Castillo-Marin* refused to engage in a fact-based analysis. *See Boykin*, 669 F.3d at 472; *Dantzler*, 771 F.3d at 148; *Castillo-Marin*, 684 F.3d at 919–20. Instead, these three courts faithfully followed the modified categorical approach. Without looking to the facts, each concluded that, because the *Shepard* error resulted in an increased sentence, the defendant's substantial rights were affected. Here, Mr. Tipton's substantial rights were affected because the invalid § 924(c) convictions not only added terms of years to his sentence, but also improperly influenced the jury's decision to sentence him to death.

8

Disregarding *Boykin*, the Government asks this Court to do the opposite and *presume*, based on the *facts* of the case, that Mr. Tipton's § 924(c) convictions *could* have rested on valid predicates. Again, the categorical/modified categorical approach forbids these "evidentiary enquiries into the factual basis" to determine what the jury *could* have found. *Shepard*, 544 U.S. at 20; *Fuertes*, 805 F.3d at 498 (explaining in context of a § 924(c) analysis that "[t]he point of the categorical inquiry is not to determine whether the defendant's *conduct could* support a conviction for a crime of violence, but to determine whether the defendant *was in fact* convicted of a crime that qualifies as a crime of violence" (citation omitted)). In support of this approach, the Government cites only inapposite harmless error cases, none of which evaluate an element requiring the application of the categorical/modified categorical approach. *See United States v. Robinson*, 627 F.3d 941, 954 (4th Cir. 2010); *United States v. Hastings*, 134 F.3d 235, 243-44 (4th Cir. 1998); *United States v. Jefferson*, 674 F.3d 332, 361 (4th Cir. 2012).

The fact-based analysis proposed by the Government would defeat the purpose of the elements-based categorical/modified categorical approach. *See Shepard*, 544 U.S. at 20; *see also Fuertes*, 805 F.3d at 498. Adopting its inquiry would result in the very fact-based approach that the Supreme Court rejected in *Davis* for the § 924(c) "crime of violence" definition.

9

Despite the Government's claims, being convicted of the underlying offenses does not lend credence to Mr. Tipton's § 924(c) convictions. Section 924(c) is an entirely separate offense whose elements require the use of a firearm *during and in relation to* the underlying predicate offense. *See Smith v. United States*, 508 U.S. 223, 227-28 (1993). The court specifically instructed Mr. Tipton's jury that it could base § 924(c) guilt on a range of possible predicates under § 1959 and § 848(e) without requiring unanimity on any one underlying offense. Some jurors could have convicted based on use of firearm during and in relation to § 1959 conspiracy (no longer a valid offense post-*Davis*), while others could have convicted based on § 848(e) counseling or on § 1959 maiming. *See In re Gomez*, 830 F.3d 1225, 1227-28 (11th Cir. 2016) (describing such ambiguity and finding it harmful); *United States v. Savoires*, 430 F.3d 376, 380–81(6th Cir. 2005) (same). The real risk of a non-unanimous verdict only exacerbates the harmfulness of the *Shepard* error here. Thus, Mr. Tipton's ambiguous verdict is harmful error that renders his § 924(c) convictions void.

## CONCLUSION

For all the above reasons, Mr. Tipton respectfully requests that this Court grant his motion and allow him to present the attached 28 U.S.C. § 2255 motion before the District Court.

10

Respectfully submitted on this, the 22nd day of June, 2020.

*/s/ Gerald W. King, Jr.*
Gerald W. King, Jr.
Ga. Bar No. 140981
Jeffrey Lyn Ertel
Ga. Bar No. 249966
Federal Defender Program, Inc.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Gerald_King@fd.org
Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson
VSB #39968
Bank Of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219
fgerson@dagglaw.com

Counsel for Richard Tipton, III.

## CERTIFICATE OF COMPLIANCE

1.     This brief contains 2306 words, excluding the parts of the brief exempted from the word count by Local Rule 27(d)(2) and Rule 32(f).

2.     This Motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

2.     This brief complies with the font, spacing, and type size requirements set forth in Local Rule 32(a)(5).

Dated:  June 22, 2020

/s/ Gerald W. King, Jr.
Gerald W. King, Jr.
Counsel for Richard Tipton, III

12

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of June, 2020, the foregoing document was served on all parties or their counsel of record though the CM/ECF system and will be served electronically via email on the attorney listed below:

Richard Cooke, Esq.
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314
Richard.Cooke@usdoj.gov

This 22nd day of June, 2020.

/s/ Gerald W. King, Jr.
Gerald W. King, Jr.
Counsel for Richard Tipton, III

13