IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|  |  |  |
|---|---|---|
| In re: RICHARD TIPTON, III | ) ) ) ) ) ) | No. 20-10 |
| Movant | | |

**United States' Response to Motion to Hold in Abeyance**

Defendant requests that this Court hold in abeyance his application for permission to file a successive motion under 28 U.S.C. § 2255 pending this Court's ruling in *United States v. Taylor*, No. 19-7616.  In *Taylor* a defendant is challenging his guilty plea to a count charging a violation of 18 U.S.C. § 924(c) where there is one valid predicate and one that the government concedes is not valid.  For several reasons, defendant's request to hold his application in abeyance pending the ruling in *Taylor* should be denied.

*First*, under 28 U.S.C. § 2244(b)(3)(D), "The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion."  Of course, in adjudicating an application for permission to file a successive motion under 28 U.S.C. § 2255, this Court has concluded that the 30-day deadline is neither mandatory nor jurisdictional.  *See In re Vial*, 115 F.3d 1192, 1194 n.3 (4th Cir. 1997) (en banc).  But that is not to say that the 30-day window should be simply discarded or ignored, and this Court has not done so.  The provision is "hortatory," *In re Siggers*, 132 F.3d 333, 336 (6th

1

Cir. 1997), and courts properly "make a diligent, good-faith effort to comply with the 30-day time limit," *Rodriguez v. Superintendent, Bay State Correctional Center*, 139 F.3d 270, 273 (1st Cir. 1998), abrogated in part on other grounds, *Bousley v. United States*, 523 U.S. 614 (1998).  Defendant's prior application raising a constitutional vagueness challenge to his § 924(c) convictions was decided within the 30-day period, and this application, which also raises a constitutional vagueness challenge, should be too.

*Second*, the pending appeal in *Taylor* involves a defendant's challenge to a § 924(c) with multiple predicate offenses after a guilty plea—not a trial as in this case.  The defendant's arguments in *Taylor* turn on precedent interpreting the effect of guilty pleas.  To be clear, in the government's view a defendant who pleads guilty to a § 924(c) and admits one valid predicate and one now-invalid predicate does not have a valid claim under *United States v. Davis*, 139 S. Ct. 2319 (2019).  *See, e.g., In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019) (denying application for successive § 2255 because "it is apparent from the record that Navarro's § 924(c) conviction [in a guilty plea] is fully supported by his drug-trafficking crimes [in addition to the predicate of conspiracy to commit Hobbs Act robbery], and it is therefore outside the scope of *Davis*, which invalidated only § 924(c)(3)(B)'s residual clause relating to crimes of violence.").  But the defendant's arguments in *Taylor* naturally center on the effect of guilty pleas, and defendant here was convicted at trial.

As the United States has already explained in its response to defendant's application, this Court and the Supreme Court have existing precedent governing alternative theories of guilt at trial, and that precedent forecloses relief here given, at a minimum, the drug-trafficking predicates that are unaffected by any constitutional vagueness challenge.  Although both defendants who pleaded guilty and defendants who went to trial would have failing claims, this Court's opinions already establish that a defendant who went to trial and had predicate offenses like defendant's is not entitled to relief.  Even on direct appeal, defendant's unpreserved claim of error that there were other (purportedly) defective predicates would fail.  *See, e.g., United States v. Steward*, 793 F. App'x 188, 190 (4th Cir. 2019) ("Because there is no reasonable probability that the result of the proceeding would have been different had the conspiracy offense not been listed as an underlying crime of violence to the § 924(c) charge, we conclude that there is no reason to vacate the § 924(c) conviction."); *United States v. Robinson*, 627 F.3d 941, 954–55 (4th Cir. 2010) (erroneous "use" instruction in § 924(c) harmless given alternative "possession" instruction, even if "use" and "possession" theories created distinct offenses and even though jury returned general verdict); *United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020) ("The District Court instructed the jury that *either* conspiracy *or* armed bank robbery would count as a predicate crime for a § 924(c) conviction, as long as the jury found that the defendant had used or carried the gun to further the crime.  The jury convicted both defendants on

3

both bank-robbery counts. So we can tell from the verdict form, as well as from the evidence presented at trial, that there is no 'reasonable probability' that the jury based its § 924(c) convictions only on the conspiracy as opposed to the bank-robbery counts. Thus, even if the instruction was erroneous, any error was harmless.") (citations omitted). Moreover, the harmlessness standard poses an even greater hurdle to relief on collateral review. *See, e.g., United States v. Smith,* 723 F.3d 510, 512 (4th Cir. 2013).

Contrary to what defendant claims, the harmlessness of any purported error is a proper basis to deny authorization to file a successive § 2255. "[W]hile the prima facie showing is a *necessary condition* to receive prefiling authorization, the statute does not *limit* this court to considering *only* this necessary condition." *In re Phillips*, 879 F.3d 542, 546 (4th Cir. 2018) (citing *In re Vassell*, 751 F.3d 267, 271 (4th Cir. 2014)). An applicant for a successive § 2255 "must make a 'plausible' claim for relief," and "[m]ere citation of a new rule in a successive motion is not sufficient." *In re Irby*, 858 F.3d 231, 233 (4th Cir. 2017) (quoting *Donnell v. United States*, 826 F.3d 1014, 1016 (8th Cir. 2016)). Indeed, this Court's prior ruling on defendant's earlier application illustrates this point. *Cf. In re Navarro*, 931 F.3d at 1302 (denying application for successive § 2255 where defendant's § 924(c) was supported by one valid predicate and one invalid predicate).

Defendant's request that this Court hold his application in abeyance pending *Taylor* implicitly acknowledges that a court may examine the legal merits of an

application in deciding whether to grant it.  Defendant's request here fails because he lacks a plausible claim to relief.

*Third*, in *Taylor,* the United States has agreed that one of the predicates for the § 924(c) count to which the defendant pleaded guilty no longer qualifies as a valid predicate—conspiracy to commit Hobbs Act robbery.  Here, in contrast, defendant fails to show that any of the predicates are invalid, as the United States argued in its response to defendant's application.  Although the Supreme Court has now invalidated § 924(c)(3)(B), this Court's recent precedent establishes that all of the predicate offenses in this case satisfy either § 924(c)(2) or § 924(c)(3)(A).

*Fourth*, defendant seeks to have his case held in abeyance for a meritless argument that the defendant in *Steward* invoked and that, appropriately, did not dissuade this Court from affirming in that case.  Just like the defendant in *Steward*, defendant here seeks to expand the categorical approach to questions of fact in a § 924(c) offense that a jury must decide.  According to defendant, if this Court agrees with him that any one of his § 924(c) predicates is invalid, then necessarily under the categorical approach, he is entitled to relief.

It is of course true that the *classification* of a federal crime as a crime of violence under § 924(c)(3) is a question of law answered by the court using the categorical approach.  *See, e.g., United States v. Adkins*, 937 F.3d 947, 950 n.1 (4th Cir. 1991) ("Whether an offense is a 'crime of violence' is a question of law for the court, and not a question of fact for the jury. . . .  Any error in submitting the issue

to the jury benefited Adkins . . . by giving him a 'bite at the apple' to which he was not entitled."). But the jury decides the *factual* question of whether a defendant committed a particular predicate offense. *See, e.g., United States v. Hopkins*, 310 F.3d 145, 152 (4th Cir. 2002) ("In Hopkins' case, the jury was explicitly instruction on [18 U.S.C.] § 111(b) as the predicate offense, and the evidence was more than sufficient for the jury to find a violation of each and every element."). And the jury decides whether the requisite relationship has been established between the firearm and the predicate offense. *See, e.g., United States v. Lomax*, 293 F.3d 701, 705(4th Cir. 2002) (requiring jury to find requisite relationship between gun and predicate offense). These are not questions of law answered by a court under the categorical approach, and as questions of fact, errors in the jury instructions on those questions are subject to ordinary harmlessness analysis—even assuming that defendant could show that one of his predicate offenses is now invalid. *See, e.g., Steward*, 793 F. App'x at 190 ("Because there is no reasonable probability that the result of the proceeding would have been different had the conspiracy offense not been listed as an underlying crime of violence to the § 924(c) charge, we conclude that there is no reason to vacate the § 924(c) conviction."). Defendant's attempt to invoke the categorical approach to preclude a harmlessness inquiry is the legal equivalent of throwing a "Hail Mary" when no viable path to victory remains. But this Court does not "authorize a successive

6

§ 2255 motion that is plainly barred as a matter of law." *In re Vassell*, 751 F.3d at 271.

This Court should decline to hold defendant's application in abeyance pending *Taylor* and should deny the application.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:    /s/    

Richard D. Cooke
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
SunTrust Building
Richmond, Virginia 23219
(804) 819-5471

## Certificate of Service and Compliance

I certify that this motion does not exceed 5,200 words and complies with the requirements of Fed. R. App. P. 27.  I also certify that on June 24, 2020, I filed electronically the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

/s/

Richard D. Cooke

Assistant United States Attorney

U.S. Attorney's Office

Eastern District of Virginia

919 East Main Street, Suite 1900

SunTrust Building

Richmond, Virginia 23219

(804) 819-5471

richard.cooke@usdoj.gov
