No. 20-10

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

IN RE RICHARD TIPTON, III,

Movant.

_____

CAPITAL CASE

**MOVANT'S REPLY IN SUPPORT
OF HIS MOTION TO HOLD THIS MATTER IN ABEYANCE.**

_____

The Government's lengthy opposition to Mr. Tipton's abeyance motion (Doc. 22) ignores a critical intervening development. On November 3, 2020, this Court entered an order placing in abeyance the authorization motion filed by *Mr. Tipton's co-defendant*, Corey Johnson. *In re: Corey Johnson*, No. 20-8 (Doc. 23). Like Mr. Tipton, Mr. Johnson seeks leave to challenge his convictions and sentences for using a firearm in relation to a "crime of violence" or drug trafficking crime in violation of 18 U.S.C. § 924(c) in light of the Supreme Court's decision in *United States v. Davis*, __

U.S. __, 139 S. Ct. 2319 (2019), which has rendered them unconstitutional. *In re Johnson* (Doc. 2). Like Mr. Tipton, Mr. Johnson sought and received an abeyance pending this Court's decision in *United States v. Taylor*, No. 19-7616, which posed the question of "whether an 18 U.S.C. § 924(c) (2018) conviction is subject to vacatur where the indictment charged multiple predicates, one of which is invalid." *Id.* (Doc. 13.) When *Taylor* did not address this "multiple predicates" question, Mr. Johnson, like Mr. Tipton, sought an abeyance pending this Court's decision in *United States v. Dickerson*, No. 20-6578, which posed the same question. *Id.* (Doc. 21.) In granting Mr. Johnson's request, this Court pinned the abeyance to a different case, *U.S. v. Juan Ortiz-Orellana*, No. 16-4844. *Id.* (Doc. 23.) [1]

Given this Court's action in *In re Johnson* and the numerous other matters[2] that it has placed in abeyance pending its resolution of the

---

[1] Mr. Ortiz-Orrellana similarly sought and received an abeyance pending *Taylor*. *Ortiz-Orellana* (Docs. 112, 114.) His initial brief is due on November 23, 2020. *Id.* (Doc. 117.)

[2] Mr. Tipton cited two such cases in his abeyance motion. See Doc. 20 at 3 (citing *United States v. Walker*, No. 20-6367; and *United States v. Myers*, No. 20-6336). In the interim, this Court has held in abeyance at least five additional cases raising a *Davis* challenge to a § 924(c) conviction pending *Dickerson*. *See United States v. Graham*, Fourth Cir. No. 20-6440; *In re*

2

question presented by *Dickerson* and *Ortiz-Orellana*, Mr. Tipton urges it to do the same here. The Government offers no valid reason why Mr. Tipton should be treated differently from Mr. Johnson or the other movants granted this relief. Indeed, although the Government filed its opposition to Mr. Tipton's abeyance motion six days after this Court's order in *In re Johnson*, it made no mention of it. Instead, the Government reiterated many of the premature merits arguments that it raised in its opposition to Mr. Tipton's initial authorization motion, while citing a "30-day" deadline that it concedes is neither mandatory nor jurisdictional, *id.* at 10, and the threat of Mr. Tipton's imminent execution to argue for a more truncated review of his motion. These arguments are both out-of-place here and unavailing.[3]

For the reasons detailed above and in his initial motion, Mr. Tipton respectfully requests that this Court leave this matter in abeyance pending

---

*Argueta*, No. 20-256; *United States v. Corbett*, No. 20-6754; *United States v. Ferone*, No. 20-6432; *United States v. Wilson*, No. 16-4002.

[3] The Government acknowledges that Mr. Tipton initiated this litigation more than five months ago. *Id.* at 10. It presumably does not dispute that this litigation—based upon *Davis*, a novel Supreme Court decision—was timely. And it knows that Mr. Tipton contends that the convictions invalidated by *Davis* influenced the jury to sentence him to death. None of these considerations supports abbreviated review of Mr. Tipton's authorization motion or its underlying claims.

its resolution of the "multiple predicates" question.

Respectfully submitted on this, the 13th day of November, 2020.

*/s/ Gerald W. King, Jr.*
Gerald W. King, Jr.
Ga. Bar No. 140981
Jeffrey Lyn Ertel
Ga. Bar No. 249966
Federal Defender Program, Inc.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Gerald_King@fd.org
Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson
VSB #39968
Bank Of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219
fgerson@dagglaw.com

Counsel for Richard Tipton, III.

CERTIFICATE OF SERVICE

I certify that on this 13th day of November, 2020, the foregoing document was served on all parties or their counsel of record though the CM/ECF system and will be served electronically via email on the attorney listed below:

Richard Cooke, Esq.
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314
Richard.Cooke@usdoj.gov

/s/ Gerald W. King, Jr.
Gerald W. King, Jr.
Counsel for Richard Tipton, III

5