IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|  |  |  |
|---|---|---|
| In re: RICHARD TIPTON | ) ) ) ) ) ) | No. 20-10 |
| Movant | | |

**United States' Motion to Remove Application from Abeyance and Deny Application**

On June 8, 2020, defendant applied for permission to file a successive motion under 28 U.S.C. § 2255, challenging his two convictions under 18 U.S.C. § 924(c). (ECF No. 2.) Defendant contends that his § 924(c) counts are invalid under *United States v. Davis*, 139 S. Ct. 2319 (2019), because the predicate offenses for those counts depend on § 924(c)(3)(B), which *Davis* invalidated as unconstitutionally vague. The United States responded that defendant's § 924(c) convictions remain valid because they rest on indisputably valid predicates that do not depend on § 924(c)(3)(B) and that his application should therefore be denied. (*See* ECF No. 7.) In particular, each of defendant's § 924(c) convictions rest on, among other offenses, drug-related murder predicates under 21 U.S.C. § 848(e)(1)(A)—offenses that satisfy both the standards for a drug-trafficking predicate under 18 U.S.C. § 924(c)(2) and a crime of violence under § 924(c)(3)(A). The United States also noted that Congress provided that applications for successive § 2255s should be decided within 30 days. *See* 28 U.S.C. § 2244(b)(3)(D) ("The court of appeals shall grant or deny the authorization

1

to file a second or successive application not later than 30 days after the filing of the motion.").

Defendant previously asked to have his application held in abeyance for a ruling in *United States v. Taylor*, No. 7616, an appeal involving a guilty plea to a § 924(c) count with multiple predicates, and *United States v. Dickerson*, No. 20-6578, another appeal involving a challenge to a multi-predicate § 924(c) conviction obtained through a guilty plea. Although this Court held the defendant's application on July 15, 2020, for *Taylor*, the Court's opinion in *Taylor* did not address how to analyze § 924(c) convictions with multiple predicates and held that attempted Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A), a ruling that has no bearing on this case. On November 17, 2020, this Court held defendant's application in abeyance pending a decision in *United States v. Ortiz-Orellana*, No. 16-4844, a case whose relevance to the instant application is unclear.

But this Court has now issued a published opinion affirming § 924(c) convictions on direct appeal that—as in defendant's case—were obtained after a trial where the § 924(c) offenses rested on multiple predicates. *See United States v. Ali*, 991 F.3d 561, 574–76 (4th Cir. 2021). Applying plain error review, *Ali* concluded the error in submitting invalid predicates to the jury did not affect the defendant's substantial rights where his § 924(c) conviction continued to rest on a valid crime-of-violence predicate. As the Court explained, "the Supreme Court has

2

mandated this typical harmless (or plain) error analysis in the very 'context of a jury instructed on multiple theories of guilt, one of which is improper' and one of which is proper." *Id*. at 575 (quoting *Hedgpeth v. Pulido*, 555 U.S. 57, 61 (2008) (per curiam)).

*Ali* also rejected the same argument the defendant makes here that the categorical approach dictates a different result. In his proposed § 2255, the defendant argues that "Under the Modified Categorical Approach, a § 924(c) Conviction Based on Multiple Offenses is Invalid if There is Ambiguity as to Which Offense Supported the § 924(c) Conviction and at Least One of the Possible Predicates is not Categorically a 'Crime of Violence.'" (ECF No. 2-2 at 20.) But *Ali* rejected this exact argument, holding that it "fundamentally misunderstands what the categorical approach accomplishes[.]" *Id*. at 574. And other courts of appeals are in accord. *See, e.g.*, *Granda v. United States*, 990 F.3d 1272, 1295 (11th Cir. 2021) (rejecting argument that the categorical approach "requires the Court to presume" that the defendant's § 924(c) conviction rests on an invalid conspiracy-based predicate and holding that this "argument misapprehends the categorical approach, which courts use to determine whether a particular offense qualifies under crime-of-violence-type elements clauses"); *accord United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020) (Applying standard from *Hedgpeth* to multi-predicate § 924(c) conviction and affirming because "there is no 'reasonable probability' that the jury based its § 924(c) convictions only on the conspiracy as

opposed to the bank-robbery counts."). Although the categorical approach governs the classification of a crime as a "crime of violence," the jury must make a factual finding about whether a defendant committed a predicate offense and whether that predicate bears the requisite relationship to the firearm. *Ali*, 991 F.3d at 574 ("The purpose of the categorical (and modified categorical) approach is not to determine what the predicate was—a factual question—but rather whether a particular predicate meets the requirements of a 'crime of violence'—a purely legal question."); *cf. Pereida v. Wilkinson*, 141 S. Ct. 754, 762 (2021) (The categorical approach does not govern every question about a conviction; "[n]o amount of staring at a State's criminal code will answer whether a particular person was convicted on any particular offense at any particular time.").

Defendant is seeking relief for a procedurally defaulted claim in a successive motion under § 2255. The Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal[.]" *United States v. Frady*, 456 U.S. 152, 165 (1982) (citations omitted). And as *Ali* demonstrates, even on direct appeal, defendant's unpreserved constitutional challenge to his § 924(c) convictions would fail. Even assuming that some of the predicates underlying defendant's § 924(c) convictions are invalid—a point the United States does not concede—defendant lacks any valid argument that the jury would have convicted him of committing drug-related murders with a firearm under § 848(e)(1)(A) but not convicted him of the related § 924(c) counts.

Although *Davis* can provide a basis for a defendant to obtain authorization for a successive § 2255 to challenge some § 924(c) convictions, *Davis* does not license every defendant to obtain authorization to file a successive § 2255. This Court does not authorize a successive § 2255 when it "would be 'an exercise in futility.'" *In re Thomas*, 988 F.3d 783, 790 (4th Cir. 2021) (quoting *In re Vassell*, 751 F.3d 267, 271 (4th Cir. 2014)). And just as a defendant with a § 924(c) conviction that rests on a murder offense does not state a sufficiently plausible claim for relief to receive authorization for a successive § 2255, *see In re Irby*, 858 F.3d 231, 233 (4th Cir. 2017), a defendant with drug-related murder convictions under § 848(e)(1)(A) has an even less justifiable claim to receive an authorized § 2255. The best defendant could do is claim that some other predicate *might* be invalid and that the jury *might* somehow have relied on *only* the invalid predicate. But the defendant has not even attempted such a showing. And even if he had, his argument would still fail. As the United States has previously explained, it is not enough on collateral review to assert that a jury *might* have relied on a now-invalid predicate offense. (*See* ECF Nos. 7, 13, 22.) Instead, the defendant must show a substantial likelihood that the jury *only* relied on the now-invalid predicate. *See Granda*, 990 F.3d at 1288 ("Granda must show at least a 'substantial likelihood,' that the jury actually relied on the Count 3 conviction to provide the predicate offense. More specifically, he must establish a substantial likelihood that the jury relied only on the Count 3 conviction, because reliance on any of Counts 1, 2, 4, or

5

5 would have provided a wholly independent, sufficient, and legally valid basis to convict on Count 6.") (internal citation omitted); *see also Parker v. United States*, 993 F.3d 1257, 1264 (11th Cir. 2021) (same); *Foster v. United States*, — F.3d —, 2021 WL 1742267, at *6 (11th Cir. May 4, 2021) (same).

This Court's decision in *Ali* forecloses any relief the defendant seeks on his § 924(c) convictions. *Ali*, coupled with the heightened standards governing collateral review, compel the conclusion that granting defendant's application would be an exercise in futility.

Furthermore, defendant's challenge to his § 924(c) convictions, is, at its core, academic in nature. The defendant is subject to a valid death sentence, separate and apart from his § 924(c) convictions. He does not challenge any aspect of that sentence through the instant application. *See In re Hall*, 979 F.3d 339, 347 (5th Cir. 2020) (defendant's collateral challenge to his § 924(c) conviction "has nothing to do with [his] death sentence."). Thus, "it is difficult to see how any relief—even a complete vacatur of the § 924(c) convictions and their accompanying sentences—would reduce" defendant's sentence. *Ruiz v. United States*, 990 F.3d 1025, 1031 (7th Cir. 2021). Even a successful challenge to his § 924(c) convictions would have no bearing on defendant's ultimate sentence. In a word, any *Davis* would be harmless. *See id*. at 1027–1035 (*Davis* error harmless where validity of § 924(c) convictions would not affect defendant's multiple life sentences for kidnapping resulting in death).

In light of this Court's ruling in *Ali* and the denial of rehearing en banc in that case, there is no reason to hold this appeal in abeyance for *Dickerson* since that case could not overrule *Ali* and deals with a guilty plea, not a trial, as in this case. *Dickerson* has itself been held in abeyance for another appeal involving a challenge to a guilty plea, but again, a case about a guilty plea could not overrule *Ali*'s analysis of instructional error in the trial context. And of course, *Ali*'s holding was itself rooted in well-settled Supreme Court doctrine governing instructional error and harmlessness review. *See Ali*, 991 F.3d at 575 (citing *Hedgpeth*, 555 U.S. at 61). Finally, *Ortiz-Orellana* does not squarely present the issues at stake in this appeal and again could not overrule *Ali*.

For the foregoing reasons, this Court should remove the defendant's application for a successive § 2255 from abeyance and deny it in its entirety.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By:      /s/
Richard D. Cooke
Joseph Attias
Assistant United States Attorneys
U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
SunTrust Building
Richmond, Virginia 23219
(804) 819-5471

7

## Certificate of Service and Compliance

I certify that this motion does not exceed 5,200 words and complies with the requirements of Fed. R. App. P. 27.  I also certify that on May 24, 2021, I filed electronically the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

       /s/
_____

Richard D. Cooke

Assistant United States Attorney

U.S. Attorney's Office

Eastern District of Virginia

919 East Main Street, Suite 1900

SunTrust Building

Richmond, Virginia 23219

(804) 819-5471

richard.cooke@usdoj.gov
