No. 20-10

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

IN RE RICHARD TIPTON, III,

Movant.

_____

**CAPITAL CASE**

**MOVANT'S RESPONSE TO THE GOVERNMENT'S MOTION TO REMOVE APPLICATION FROM ABEYANCE AND DENY APPLICATION.**

_____

Citing this Court's recent decision in *United States v. Ali*, 991 F.3d 561 (4th Cir. 2021), the Government has filed a motion asking this Court to deny Movant's fully-briefed application for authorization to file a successive motion under 28 U.S.C. § 2255(h)(2). (DE 25.)  But *Ali* is inapposite here.  The Government's motion also circumvents Rule 28(j), which dictates the appropriate means for presenting new authority to this Court.  And, by offering premature merits arguments, it strays outside the proper framework for assessing an authorization application.  The Government's motion is improvidently filed and should be denied.

### I.    The Government's Motion Cannot Be Reconciled with Rule 28(j)

Movant has applied for authorization to file a successive Section 2255 motion that challenges his convictions and sentences for using a firearm in violation of 18 U.S.C. § 924(c) in light of the Supreme Court's decision in *United States v. Davis*, __ U.S. __, 139 S. Ct. 2319 (2019), which has rendered them unconstitutional. (DE 2.)  The Government has filed its opposition to that application (DE 7).  Per the Federal Rules of Appellate Procedure and the rules of this Court, the proper recourse when "pertinent and significant authorities come to a party's attention after the party's brief has been filed" is to "promptly advise the circuit clerk by letter, with a copy to all other parties, setting forth the citations," FRAP 28(j), at which point this Court "may grant leave for or direct the filing of additional memoranda," LR 28(e).  Instead of seeking that leave, however, the Government has filed a motion that, as its caption concedes, serves as another brief, arguing (at a length that Rule 28(j)'s limit of 350 words would not allow) that *Ali* compels the denial of Movant's application.  That alone is grounds for denying the Government's motion.

2

## II.    The Government's Motion Does Not Address the Proper Standard for Authorization.

As in its response to Movant's application for authorization (DE 7) and its oppositions to the abeyances entered by this Court (DE 13, 22), the Government urges this Court to deny Movant's application based upon a premature analysis of the ultimate merits of the Section 2255 motion that his application seeks leave to file.  But such "a merits argument" is "properly presented to the district court in response to a § 2255 motion," and is "premature at this preliminary stage." *In re Hubbard*, 825 F.3d 225, 231 (4th Cir. 2016) (cleaned up).  To have his application granted, Movant "need only make a prima facie showing that the application satisfies the requirements of § 2244 to gain pre-filing authorization," which he does if it "presents a claim that relies on a qualifying new rule of constitutional law" and "makes a sufficient showing of possible merit to warrant a fuller exploration by the district court." *In re Hubbard*, 825 F.3d at 229.  This is a "relatively low bar[.]"  *Id.* at 231. "[I]t is for the district court to determine whether the new rule extends to the movant's case, not for this court in this proceeding."  *Id.* As this Court has therefore recognized, "at this stage, a merits argument faces an almost insurmountable hurdle: while

3

determining whether to authorize a successive petition 'may entail a cursory glance at the merits ... the focus of the inquiry must always remain on the § 2244(b)(2) standards.'" *In re Hubbard*, 825 F.3d at 231 (citing *In re Williams*, 330 F.3d 277, 282 (4th Cir. 2003).

Accordingly, the Government's motion—which exclusively concerns itself with arguing that, per *Ali*, Movant's Section 2255 motion will ultimately fail on the merits —has no bearing on whether Movant's application for leave to file that motion should be denied. This, too, is grounds for denying the Government's motion.

## III.   *Ali* is Inapposite

Finally, the Government's analysis of *Ali* is unavailing.

### A. *Ali*'s Facts and Holdings

A brief summary of the *Ali* illustrates its distinctiveness. The defendant in *Ali* was charged with, inter alia, "four counts of aiding and abetting Hobbs Act robbery…[and] four counts of carrying a firearm in connection with a crime of violence" in violation of Section 924(c). *Ali*, 991 F.3d at 564. When instructing the defendant's jury "on the Hobbs Act robbery charges and the § 924(c) charges," the district court "told the jury

that Ali could be found guilty under either one of two theories. For Hobbs Act robbery, he could be found guilty 'because he ... aided and abetted the crime of interfering with commerce by robbery' or 'because he conspired with others to commit that crime.'" *Id.* at 572. "[T]he government did not need to prove both," per the district court; "rather 'one was sufficient.'" *Id.* (cleaned up). The court then "instructed that the crime of violence element [for the Section 924(c) charges] would be met if Ali had either 'knowingly conspired to commit' Hobbs Act robbery 'or aided and abetted in the commission of the robbery.'" *Id.*

Ali did not object to these charges but argued on appeal that "the district court's instructions to the jury were improper because one of the two theories of guilt could not serve as a valid predicate for § 924(c)," as "Hobbs Act conspiracy was not a crime of violence as required by the statute." *Id.* Because of Ali's failure to object, this Court reviewed this claim for plain error, applying the stringent, four-part standard promulgated in *United States v. Cowden*, 882 F.3d 464, 475 (4th Cir. 2018). *Id.* This Court held that the district court's instruction on Hobbs Act conspiracy was plain error, as it is "not categorically a crime of violence." *Id.* at 573. But this Court held that the "second theory of guilt," aiding and

abetting Hobbs Act robbery, "was a valid predicate for Ali's § 924(c) charges." *Id.*

This Court then rejected Ali's argument that it must vacate his Section 924(c) convictions because, per "the modified categorical approach," this Court "cannot know whether the jury convicted him of Hobbs Act robbery conspiracy (an invalid predicate) or aiding and abetting Hobbs Act robbery (a valid predicate)[.]" *Id.* at 574.  Stating that Ali's argument "fundamentally misunderstands what the categorical approach accomplishes and the nature of our inquiry under *plain error review*," this Court first held that "the purpose of the categorical (and modified categorical) approach is not to determine what the predicate was—a factual question—but rather whether a particular predicate meets the requirements of a 'crime of violence'—a purely legal question." *Id.* (emphasis added).  Because this Court "already know[s] that conspiracy does not count and aiding and abetting does," this relevant question for *plain error review* is "whether the inclusion of the improper theory of guilt "affected the outcome of the district court proceedings"—which, as opposed to the purely legal "determination of whether a criminal offense is a 'crime of violence'…requires a *record-intensive factual inquiry*." *Id.* at 574-

6

75 (emphasis added).  And it required Ali to show "that the erroneous instruction given resulted in his conviction, not merely that it was impossible to tell under which prong the jury convicted." *Id.* at 575. Accordingly, while Ali was "correct that we do not know for certain which theory of guilt the jury accepted," he "fails to recognize that ambiguity is insufficient *under plain error review*," thus foreclosing the relief he sought. *Id.* (citing, inter alia, *Hastings*, 134 F.3d at 243 (a showing of uncertainty as to "whether the verdict returned by the jury rested solely on the mis-instruction" does not meet defendant's burden of establishing actual prejudice under plain error review).  Per these strictures of plain error prejudice, this Court reviewed the evidence of *uncontested* "cell site location data…establish[ing] that Ali "was at the [robbery] sites during the robberies (and no other time) and was "with his co-defendants at the times those co-defendants said the proceeds were distributed," which, combined with their testimony as to his planning and assisting with the crimes, "is *strong proof* that Ali did more than simply conspire to commit robberies but that he assisted their commission," and "support[ed] a finding that Ali aided and abetted the robberies."  *Id.* at 575-76 (emphasis added).

7

As the above demonstrates, the issues presented by the direct appeal in Ali and Movant's application here differ in posture, in standard of review, and in the underlying facts.

### B. *Ali* Had to Show Plain Error; Movant Must Show Only a Prima Facie Case

The threshold point of distinction between the two actions is that the defendant in *Ali* had to demonstrate plain error to prevail—to show, again, "that the erroneous instruction given resulted in his conviction, not merely that it was impossible to tell under which prong the jury convicted," *Id.* at 575.  —while Movant need show only a prima facie case.  To analyze Movant's application, this Court "need not decide whether [he] will ultimately prevail on his claim," *In re Hubbard*, 825 F.3d at 229, which is precisely what this Court was obliged to decide in *Ali*. And *Ali* required this Court to conduct a "case-specific and fact-intensive determination" to determine if the defendant could show that the erroneous instruction had resulted in his conviction, *Ali*, 991 F.3d at 575 (internal quotations omitted), which goes well beyond the merely "cursory glance at the merits" appropriate here, where "the focus of the inquiry must always remain on the § 2244(b)(2) standards." *In re Hubbard*, 825 F.3d at 231.

8

### C. No Record Evidence Supports A Finding That a Firearm Was Used in the Commission of Movant's § 848(a)(1) Offenses.

Further, in contrast with *Ali*, the record evidence in Movant's case does not establish the existence of the valid predicate offense committed with a firearm that is required to sustain his Section 924(c) convictions. The Second Superseding Indictment offered multiple § 848(e) and § 1959 counts as the predicate offenses for each of Movant's Section 924(c) counts.[1] Per *Davis*, these predicates are no longer valid. As to Movant's convictions for drug-trafficking in violation of 21 U.S.C. § 841(a)(1), there is no evidence in the record demonstrating that firearms were used in the commission of those offenses. Accordingly, even if this Court were to engage in the "case-specific and fact-intensive" plain error review it deployed in *Ali*, it could not conclude that the jury's Section 924(c) verdicts rested on those

---

[1]For the first, Count 20, the indictment cited: conspiracy, as charged in Count 1; the § 848(e) violations charged in Counts 17, 18, and 19; and the § 1959 violations charged in Counts 21, 22 and 23. DE 2-2 at 57. For the second, Count 26, the indictment cited: conspiracy, again as charged in Count 1; § 848(e) violations as charged in Counts 24 and 25; § 1959 violations as charged in Counts 27 and 28; and the § 1959 maiming violations charged in Counts 29 and 30. *Id.*

predicates, as—unlike *Ali*—the evidence here is far from "overwhelming," "strong," or even persuasive.  991 F.3d at 575.[2]

Also in contrast with *Ali*, the valid and invalid alternative predicates on which Movant's Section 924(c) convictions might have been based are "not coextensive."  *United States v. Jones*, 935 F.3d 266 (5th Cir. 2019).  As *Ali* makes clear, the alternate predicates at issue—"whether the jury convicted him of Hobbs Act robbery conspiracy (an invalid predicate) or aiding and abetting Hobbs Act robbery (a valid predicate)," *Id.* at 574—involved an analysis of essentially the same facts and evidence.  Indeed, this Court's conclusion in *Ali* recognized that the question of whether the defendant had conspired to commit Hobbs Act robbery was subsumed by the question of whether he aided and abetted, characterizing his conduct as

---

[2] Tellingly, the Second Circuit's recent decision in *United States v. Eldridge*—a case in a posture nearly identical to *Ali*—also depended on that Court's conclusion that any "error relating to the Hobbs Act conspiracy and kidnapping predicates did not affect Eldridge's substantial rights under plain-error review, given *the strength of the evidence* supporting the attempted Hobbs Act robbery predicate and the link between Eldridge's brandishing of the gun and that crime"—evidence that Court also deemed "*overwhelming*."  No. 18-3294-CR, 2021 WL 2546175, at *6, *10 (2d Cir. June 22, 2021) (emphases added).

"*more than* simply conspir[ing] to commit robberies but…assist[ing] their commission." *Id.* at 575-76 (emphasis added).

Here, by contrast, there is no demonstrable overlap between the drug-trafficking offenses that could serve as a valid predicate for Movant's Section 924(c) convictions and the § 848(e) and § 1959 counts that could not. As the Second Circuit has held, when alternative predicates of murder and drug conspiracies are not "inextricably intertwined," the appropriate "inquiry is directed to whether we can *confirm* that the jury based the firearm conviction on a valid drug-trafficking predicate." *United States v. Heyward*, 2021 WL 2638609, at *6, n.7 (2d Cir. June 28, 2021) (emphasis added). The Fifth Circuit held similarly in *Jones*, vacating the defendants' § 924(c) convictions where "the [invalid] RICO conspiracy offense encompassed conduct beyond the [valid] controlled-substance conspiracy," creating a reasonable probability that the jury would not have convicted the defendants of the § 924(c) offenses absent the invalid predicate. 935 F.3d at 273.

**D. Neither the Court's Instructions nor Movant's Verdict Form Required Unanimity As to the Predicate for the § 924(c) Offenses.**

Another point of distinction emerges from the lack of unanimity required of Movant's jury to convict him of his Section 924(c) charges—a sharp contrast with *Ali*. The district court in *Ali* instructed the jury that it "must agree unanimously upon each element" of each § 924(c) count before it could convict. See Joint Appendix, *United States v. Ali*, Case No. 15-4433 (Jan. 6, 2016), ECF No. 46, at 758, 761, 763, 754. Movant's jury received no such explicit instruction. The district court made no reference to the predicate offenses when instructing Movant's jury. Tr. 3221-24. Rather, it simply read the text of § 924(c)(1), including a nearly verbatim reading of its force and residual clauses. *Id.* Nor did the district court distinguish one predicate from the other, merely stating generally that "[t]he offenses alleged . . . are crimes of violence or drug trafficking crimes." Tr. 3223. While the district court repeatedly admonished the jury to refer to Movant's verdict form to "assist" it in "giving individual consideration to each…*count* against him," Tr. 3219-22 (emphasis added), that form contained no instruction requiring the jury to reach unanimity as to the

12

predicate for the § 924(c) offenses; it directed the jury only to find Mr. Tipton "Guilty or Not Guilty." DE 2-2 at 66-72.

Even in combination, the district court's instructions and the verdict form failed to require Movant's jury to reach unanimity as to the predicate offense for his Section 924(c) convictions.  Different members of Movant's jury could well have based their votes of guilty on different predicate offenses—a compounding error that the Sixth Amendment will not abide, and that would not survive even plain error review.

The Sixth Circuit reviewed this exact issue in *United States v. Savoires*, 430 F.3d 376, 380 (6th Cir. 2005). There, the district court gave the jury two definitions of conduct that violated Section 924(c)—one valid, and one invalid—and instructed the jury that it could find the defendant guilty under either, without requiring unanimity as to which.   Reviewing for plain error, the Sixth Circuit reversed, concluding that the district court's "duplicitous" charge prejudiced the defendant's "substantial rights', as "the jury might have found [the defendant] guilty of an 'offense'…that is not criminalized by § 924(c)." *Savoires*, 430 F.3d at 380.

Here, as in *Savoires*, there was nothing in the jury instructions—or verdict form—to "mitigate the risk of jury confusion and alleviate the

13

doubt that would otherwise exist as to whether all members of the jury had found the defendant guilty of the same offense." *Savoires*, 430 F.3d at 380. In light of that doubt, this Court could not conclude that Movant's Section 924(c) offenses rest on a valid predicate, even if it were to conduct a plain error, fact-intensive review of Movant's case. And, again, the Court need not—should not—make that inquiry at this stage.

For each of the foregoing reasons, this Court should deny the Government's motion to deny Movant's authorization motion.

**IV.    The Government's Arguments Citing *Ruiz v. United States* Are Inapposite and Inappropriately Introduced.**

Finally, the Government relies upon the Seventh Circuit's decision in *Ruiz v. United States*, 990 F.3d 1025 (7th Cir. 2021), to assert that Movant's application should be denied because "[e]ven a successful challenge to his § 924(c) convictions would have no bearing on [his] ultimate sentence." Mot. at 6-7. That is incorrect. While Movant's death sentences were not imposed pursuant to his Section 924(c) convictions, the illegality of those convictions bears on his death sentences in several critical ways.

14

First, Movant has asked this Court to reverse the district court's denial of his motion for a reduction of his death sentences pursuant to the First Step Act. See *United States v. Tipton*, No. 20-\*\*. If this Court grants him that relief, the district court, in resentencing him, should not include his invalid Section 924(c) convictions in its weighing. *See, e.g., United States v. Chambers*, 956 F.3d 667, 672-73, 675 (4th Cir. 2020) (district court "impos[ing] a reduced sentence" under First Step Act should "recalculate" to account for "intervening case law" invalidating sentences for non-covered offenses and post sentencing conduct).

Second, if Movant again faces an execution date, he will seek commutation of his death sentence from the President of the United States. Movant must first submit his commutation petition to the Office of the Pardon Attorney, who will make a recommendation based upon, inter alia, the "undue severity of sentence" and "other equitable factors." See U.S. Dep't of Just. Manual § 9-140.113. Those factors take into account, and are informed by, Movant's criminal record. Whether invalid convictions are included or not is of no small significance.

Lastly, as Movant argues in his proposed Section 2255 motion, the invalidity of his Section 924(c) convictions raises the question of whether

15

his sentencing jury's decision to impose death "might have been different if the [jury] had known that at least two of [his] previous convictions had been unconstitutionally obtained." *United States v. Tucker*, 404 U.S. 443, 448 (1972); see also DE 2-2 at 38-40. That question is particularly pressing given the "special need for reliability in the determination that death is the appropriate punishment in any capital case." *Johnson v. Mississippi*, 486 U.S. 578, 584 (1988) (citation omitted) (emphasis added); see also *Mills v. Maryland*, 486 U.S. 367, 383–84 (1988) ("[t]he possibility that [a defendant's] jury conducted its task improperly certainly is great enough to require resentencing" in a capital case) (emphasis added).

WHEREFORE, Movant Richard Tipton III respectfully requests that, for all the reasons set out above and in his initial Motion for Authorization, this Court deny the Government's motion, continue to hold his case in abeyance pending the outcome of *U.S. v. Juan Ortiz-Orellana*, No. 16-4844 (at which point he will seek authorization under Rule 28(j) to address that authority), and ultimately grant him the authorization to file his Section 2255 Motion in the district court.

16

Respectfully submitted on this, the 13th day of July, 2021.

*/s/ Gerald W. King, Jr.*

Gerald W. King, Jr.
Ga. Bar No. 140981
Chief, Fourth Circuit Capital
Habeas Unit
129 West Trade Street, Suite 300
Charlotte, NC 28202
Tel: (704) 374-0720
Direct: (704) 688-6946
E-mail: gerald_king@fd.org

Jeffrey Lyn Ertel
Ga. Bar No. 249966
Federal Defender Program, Inc.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Pepper LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmanpepper.com

Frederick R. Gerson
VSB #39968
Durrette, Arkema, Gerson & Gill PC
Bank Of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219
fgerson@dagglaw.com

Counsel for Richard Tipton, III.

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that the foregoing response complies with this Court's type-volume limits, as its non-exempt portions total fewer than 5,200 words, and was duly served upon Respondents' counsel of record by CM/ECF filing.

Richard Cooke, Esq.
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314
Richard.Cooke@usdoj.gov

/s/ Gerald W. King, Jr.
Gerald W. King, Jr.
Counsel for Richard Tipton, III