IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-10

IN RE: RICHARD TIPTON,

*Movant*.

On Movant's Application for Leave to File
a Successive Motion Under 28 U.S.C. § 2255 in the
United States District Court for the Eastern District of Virginia
*The Honorable David J. Novak, District Judge*

MEMORANDUM BRIEF OF THE UNITED STATES

Raj Parekh
Acting United States Attorney

Richard D. Cooke
Joseph Attias
Assistant United States Attorneys
919 East Main Street, Suite 1900
Richmond, Virginia 23219
(804) 819-5400

*Attorneys for the United States of America*

## Table of Contents

**Page**

Table of Authorities ................................................................................ ii

Introduction ........................................................................................... 1

Statement of the Case ............................................................................ 6

    A.    Tipton is indicted, convicted, and sentenced. ....................... 6

    B.    Tipton's application for a successive petition under 28 U.S.C. § 2255 ........................................................................... 8

Argument ................................................................................................ 9

    The Court should deny Tipton's application for a successive § 2255 petition. ....................................................................................... 9

    A.    Counts 20 and 26 are unaffected by *Davis* ........................ 9

    B.    Even if *Davis* invalidated a predicate for Counts 20 and 26, Tipton still cannot demonstrate any prejudice. ................ 13

Statement Regarding Oral Argument ................................................... 21

Certificate of Compliance ................................................................... 21

i

**Table of Authorities**

**Page**

**Cases**

*Barnes v. Thomas*, 938 F.3d 526 (4th Cir. 2019) ....................................................15

*Bennett v. United States*, 119 F.3d 468 (7th Cir. 1997)..............................................2

*Braxton v. United States*, 500 U.S. 344 (1991).........................................................12

*Brecht v. Abrahamson*, 507 U.S. 619 (1993)....................................................... 13, 14

*Foster v. United States*, 996 F.3d 1100 (11th Cir. 2021)..........................................19

*Hawk v. Olson*, 326 U.S. 271 (1945) ........................................................................13

*Hedgpeth v. Pulido*, 555 U.S. 57 (2008) (per curiam)..............................................14

*In re Irby*, 858 F.3d 231 (4th Cir. 2017) .................................................. 2, 3, 10, 11

*In re Phillips*, 879 F.3d 542 (4th Cir. 2018) .............................................................2

*In re Thomas*, 988 F.3d 783 (4th Cir. 2021) .............................................................3

*In re Vassell*, 751 F.3d 267 (4th Cir. 2014) ..............................................................3

*In re Williams*, 330 F.3d 277 (4th Cir. 2003) ...........................................................2

*Parke v. Raley*, 506 U.S. 20 (1992) .........................................................................13

*Parker v. United States*, 993 F.3d 1257 (11th Cir. 2021).........................................19

*Skilling v. United States*, 561 U.S. 358 (2010.........................................................14

*Stokeling v. United States*, 139 S. Ct. 544 (2019)....................................................11

*United States v. Ali*, 991 F.3d 561 (4th Cir. 2021) ........................................... *passim*

*United States v. Allred*, 942 F.3d 641 (4th Cir. 2019) .............................................10

*United States v. Battle*, 927 F.3d 160 (4th Cir. 2019) .............................................10

*United States v. Cannon*, 987 F.3d 924 (11th Cir. 2021) .............................. 2, 9, 18

*United States v. Cardena*, 842 F.3d 959 (7th Cir. 2016)............................................1

*United States v. Chavez*, 894 F.3d 593 (4th Cir. 2018) ............................................13

*United States v. Concepcion*, 983 F.2d 369 (2d Cir. 1992)......................................12

*United States v. Crawley*, 2 F.4th 257 (4th Cir. 2021) ............................................15

*United States v. Davis*, 139 S. Ct. 2319 (2019) ................................................ *passim*

*United States v. Eldridge*, 2 F.4th 27 (2d Cir. 2021) ........................................ 1, 2, 9

*United States v. Fiel*, 35 F.3d 997 (4th Cir. 1997)................................................12

*United States v. Frady*, 456 U.S. 152 (1982).......................................................13

*United States v. Granda*, 990 F.3d 1272 (11th Cir. 2021) ........................... 1, 17, 20

*United States v. Hager*, 721 F.3d 167 (4th Cir. 2013)...........................................10

*United States v. Hardy*, 999 F.3d 250 (4th Cir. 2021)...........................................12

*United States v. Hastings*, 134 F.3d 235 (4th Cir. 1998).........................................16

*United States v. Jefferson*, 674 F.3d 332 (4th Cir. 2012) ........................................14

*United States v. Keene* 955 F.3d 391 (4th Cir. 2020)...............................................11

*United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019)................................ 2, 10, 11

*United States v. Pettiford*, 612 F.3d 270 (4th Cir. 2010)..........................................13

*United States v. Robinson*, 627 F.3d 941 (4th Cir. 2010)................................ 14, 16

*United States v. Rumley*, 952 F.3d 538 (4th Cir. 2020)...........................................10

*United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc) ..............................9

*United States v. Smith*, 723 F.3d 510 (4th Cir. 2013)..............................................15

*United States v. Tipton*, 90 F.3d 861 (4th Cir. 1996)................................................4

*Yates v. United States*, 354 U.S. 298 (1957)...........................................................13

**Statutes**

18 U.S.C. § 1951(a) ...................................................................................................6

18 U.S.C. § 2...............................................................................................................6

18 U.S.C. § 924(c)(1)(A) ..........................................................................................6

iii

**Introduction**

In 1993, defendant Richard Tipton was convicted for his role in a drug organization that was responsible for at least ten murders and additional maimings between January and February 1992. The jury found Tipton responsible for six murders—the killings of Douglas Talley, Dorothy Mae Armstrong, Bobby Long, Anthony Carter, Curtis Thorne, and Linwood Chiles—and other violent crimes.

In his present application for permission to file a successive motion under 28 U.S.C. § 2255, Tipton challenges his two convictions under 18 U.S.C. § 924(c), arguing that the convictions are invalid because of *United States v. Davis*, 139 S. Ct. 2319 (2019). In *United States v. Ali*, 991 F.3d 561 (4th Cir. 2021), this Court rejected a central legal argument in Tipton's proposed § 2255 motion—namely, that the categorical approach displaces ordinary harmless-error principles when the jury could have relied on multiple predicate offenses for a § 924(c) count. Every other circuit to address the question agrees with *Ali* that ordinary harmlessness principles apply in this context. *See, e.g., United States v. Eldridge*, 2 F.4th 27, 38 & n.15 (2d Cir. 2021); *United States v. Granda*, 990 F.3d 1272, 1288 (11th Cir. 2021); *United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020); *United States v. Cardena*, 842 F.3d 959, 996–99 (7th Cir. 2016).

Having lost his argument that *Ali* and the opinions from other circuits have rejected, Tipton now seeks to recast his proposed § 2255 motion and argues that the

1

§ 924(c) convictions still cannot be upheld, even though each § 924(c) conviction rests on indisputably valid drug-trafficking predicates, *see, e.g., United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016) (drug-trafficking predicates for § 924(c) unaffected by constitutional vagueness challenges); *Eldridge*, 2 F.4th 27, 36 n.9 (same); *United States v. Cannon*, 987 F.3d 924, 946 (11th Cir. 2021) (same), and murder predicates, *see, e.g., United States v. Mathis*, 932 F.3d 242, 264–65 (4th Cir. 2019) (VICAR murder remains valid predicate); *In re Irby*, 858 F.3d 231, 236–38 (4th Cir. 2017) (second-degree retaliatory murder remains valid predicate). But contrary to what Tipton argues, the combination of *Ali* and the indisputably valid predicates leave him with no path to success.

One of Tipton's responses to *Ali* has been simply to fall back on arguing that a harmlessness inquiry requires some examination of the facts that cannot be conducted when a court determines whether a defendant has made a sufficient prima facie showing for permission to file a successive § 2255. But that argument fails. As this Court has explained, "The term 'prima facie showing' means that it must at least 'appear[] *reasonably likely*' that the second or successive application satisfies the § 2244(b) requirements so as to 'warrant fuller exploration by the district court' as to whether they are *actually satisfied*." *In re Phillips*, 879 F.3d 542, 546 (4th Cir. 2018) (quoting *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003); *Bennett v. United States*, 119 F.3d 468, 469–70 (7th Cir. 1997)). Put another way, a claim must be

2

"plausible." *In re Thomas*, 988 F.3d 783, 791 (4th Cir. 2021) (quoting *In re Irby*, 858 F.3d at 233). And "[a] claim is not plausible if it would clearly fail, as authorizing such a claim would be 'an exercise in futility.'" *In re Thomas*, 988 F.3d at 791 (quoting *In re Vassell*, 751 F.3d 267, 271 (4th Cir. 2014)). Moreover, applications can fail either on procedural grounds or on the merits. *Id*. Given that Tipton does not have a plausible claim for relief, his application must be denied. His argument that factual issues cannot be evaluated at the prima facie stage is incorrect and would improperly suggest that every application under § 2255(h)(1) must be granted.

Given the precedent establishing that drug-trafficking and murder predicates remain valid after *Davis*, the only even arguably invalid predicates are the two VICAR maiming predicates under 18 U.S.C. § 1959(a)(2) that were included in the § 924(c) charged in Count 26. The § 1959(a)(2) predicates should be deemed to satisfy § 924(c)(3)(A), but regardless, under *Ali*, any putative error in including the § 1959(a)(2) predicates would be harmless.

Both of Tipton's § 924(c) convictions had drug-trafficking and murder predicates that controlling precedent establish are valid; the jury separately convicted Tipton of each of those predicate offenses, removing any doubt that the jury unanimously found each predicate proven; and each of those predicates was furthered through a firearm given that the murders were all drug-related and

3

accomplished with a gun.

Indeed, each murder for which Tipton was found guilty, including even the murder that was not a § 924(c) predicate, was committed to advance the drug trafficking. As this Court put it in the direct appeal, "The Government's evidence expressly linked each of the nine § 848(e) murders of which the appellants were severally convicted to a furtherance of the CCE's purposes: either silencing potential informants or witnesses, eliminating supposed drug trafficking rivals, or punishing underlings for various drug-trafficking misfeasances." *United States v. Tipton*, 90 F.3d 861, 887 (4th Cir. 1996). In the first murder, which did not serve as a § 924(c) predicate, Tipton stabbed Douglas Talley 84 times in an attack that lasted three to five minutes on January 4, 1992, because Talley mishandled a drug deal. *Tipton*, 90 F.3d at 868. Tipton committed this murder, the jury found, "in an especially heinous, cruel, or depraved manner involving serious physical abuse." *Id*. at 894.

The next murder, which did serve as a § 924(c) predicate, was likewise committed to advance the drug trafficking. Dorothy Mae Armstrong was shot to death on February 1, 1992, because she owed a drug debt and was thought to be a threat to the drug organization. *Id*. at 869. When Tipton, Cory Johnson, and Jerry Gaiters found Armstrong at her brother's house, Johnson killed not only her, but also Bobby Long and Anthony Carter to prevent them from being witnesses. Johnson stood over Long and shot him to death and shot Carter while he was asleep in a chair.

4

Linwood Chiles was murdered on February 19, 1992, because he was believed to be cooperating with police. With Tipton standing by, Johnson ordered Chiles to put his head on a steering wheel and shot him to death. Curtis Thorne, who was shot to death with Chiles, owed a drug debt, and Priscilla and Gwendolyn Greene were shot and seriously and permanently injured because they happened to be present in the car with Chiles and Thorne.

*Ali* also settles that it does not matter whether defendant was held liable as an aider and abettor for a murder. *Ali*, 991 F.3d at 573–74. For the murders of Armstrong, Carter, and Long, this Court explained that Tipton "was instrumental in planning the murders and directly aided their execution by driving Cory Johnson, the designated executioner, to the scene, awaiting accomplishment of the deed in a getaway car, then driving the executioner from the scene." *Tipton*, 90 F.3d at 890. As to the later murders of Chiles and Thorne, this Court noted that "Tipton and Johnson planned the executions of both victims for suspected treachery (Chiles) and thievery (Thorne) in relation to the drug-trafficking enterprise, and … Tipton was present at the scene as an active participant in seeing that the executions were carried out and that those responsible escaped detection." *Id*.

5

## Statement of the Case

### A.      Tipton is indicted, convicted, and sentenced.

On July 20, 1992, Tipton, along with six others, was charged in a 33-count indictment with the following offenses:

| Count | Offense | Statutory Provision |
|---|---|---|
| Count 1 | Conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base | 21 U.S.C. § 846 |
| Count 2 | Engaging in a continuing criminal enterprise | 21 U.S.C. § 848(a) |
| Counts 3, 5, 11, 17-19, 24, 25 | Capital murder in furtherance of a criminal enterprise | 21 U.S.C. § 848(e) and 18 U.S.C. § 2 |
| Counts 4, 7, 13-14, 16, 21-23, 27, 28-30 | Commission of violent crimes in aid of racketeering activity | 18 U.S.C. § 1959 |
| Counts 12, 15, 20, 26 | Use of a firearm in relation to a crime of violence or a drug-trafficking offense | 18 U.S.C. § 924(c) |
| Counts 32-33 | Possession with intent to distribute cocaine base | 21 U.S.C. § 841(a)(1) |

Each firearm offense charged in Counts 20 and 26—the only convictions that Tipton challenges in his present application—relied on multiple predicate crimes of violence.

Count 20 charged Tipton with using, or aiding and abetting the use, of a firearm on or about February 1, 1992, during and in relation to the following crimes of violence or drug trafficking crimes:

6

| Count | Predicate Offense |
|---|---|
| Count 1 | 21 U.S.C. § 846 |
| Count 17 | 21 U.S.C. § 848(e)(1)(A) (CCE murder of Bobby Long) |
| Count 18 | 21 U.S.C. § 848(e)(1)(A) (CCE murder of Anthony Carter) |
| Count 19 | 21 U.S.C. § 848(e)(1)(A) (CCE murder of Dorothy Mae Armstrong) |
| Count 21 | 18 U.S.C. § 1959 (VICAR murder of Bobby Long) |
| Count 22 | 18 U.S.C. § 1959 (VICAR murder of Anthony Carter) |
| Count 23 | 18 U.S.C. § 1959 (VICAR murder of Dorothy Mae Armstrong) |

Count 26 charged Tipton with using, or aiding and abetting the use, of a firearm on or about February 19, 1992, during and in relation to the following crimes of violence or drug trafficking crimes:

| Count | Predicate Offense |
|---|---|
| Count 1 | 21 U.S.C. § 846 |
| Count 24 | 21 U.S.C. § 848(e)(1)(A) (CCE murder of Curtis Thorne) |
| Count 25 | 21 U.S.C. § 848(e)(1)(A) (CCE murder of Linwood Chiles) |
| Count 27 | 18 U.S.C. § 1959 (VICAR murder of Curtis Thorne) |
| Count 28 | 18 U.S.C. § 1959 (VICAR murder of Linwood Chiles) |
| Count 29 | 18 U.S.C. § 1959 (VICAR maiming of Priscilla Green) |
| Count 30 | 18 U.S.C. § 1959 (VICAR maiming of Gwendolyn Green) |

These charges stemmed from Tipton's leadership role, along with Cory Johnson and James Roane, in a continuing criminal enterprise, the "New York Boyz," that trafficked large quantities of cocaine in the Richmond, Virginia area between 1990 and 1992.

In February 1993, a jury convicted Tipton of six capital murders under § 848(e) (Counts 3, 17, 18, 19, 24, 25); conspiracy to possess cocaine base with the intent to distribute under § 846 (Count 1); engaging in a continuing criminal enterprise under § 848(a) (Count 2); committing violent crimes in aid of racketeering activity under § 1959 (Counts 4, 21, 22, 23, 27, 28, 29, 30); using a firearm in relation to a crime of violence or a drug-trafficking offense under § 924(c) (Counts 20 and 26); and possession of cocaine base with the intent to distribute under § 841(a)(1) (Counts 32 and 33). Following a penalty hearing on the capital murder counts, the jury recommended that Tipton be sentenced to death for three of the six murders for which he was convicted under § 848(e) (Counts 3, 24, 25).

### B.     Tipton's application for a successive petition under 28 U.S.C. § 2255

On June 8, 2020, Tipton filed a motion for authorization to file a successive petition under § 2255 challenging his two § 924(c) convictions under *Davis*. The government opposed the motion, and, after several rounds of briefing and two orders holding the case in abeyance, the Court directed the parties to submit memorandum

briefs addressing the merits of the application in light of *Ali*. For the reasons that follow, this Court should deny Tipton's application.

**Argument**

I.    **The Court should deny Tipton's application for a successive § 2255 petition.**

    A.    **Counts 20 and 26 are unaffected by *Davis*.**

Count 20 relies entirely on valid crime-of-violence and drug-trafficking predicate offenses.

First, *Davis* did not invalidate the definition of a "drug trafficking crime," which includes "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)[.]" 18 U.S.C. § 924(c)(2). *See Eldridge*, 2 F.4th at 36 n.9 ("*Davis* interpreted only the definition of a crime of violence, and thus had no effect on the scope of drug offenses that may also serve as predicates for § 924(c) convictions, *see* 18 U.S.C. § 924(c)(2)."); *Cannon*, 987 F.3d at 946 ("*Davis* did not, however, affect the definition of a drug trafficking crime, which includes 'any felony punishable under the Controlled Substances Act.'"); *see also Hare*, 820 F.3d at 106. Indeed, in declaring § 924(c)(3)(B) unconstitutionally vague prior to *Davis*, this Court noted that it "le[ft] intact . . . the entirety of the definition of 'drug trafficking crime in § 924(c)." *United States v. Simms*, 914 F.3d 229, 252 (4th Cir. 2019) (en banc). Thus, the drug conspiracy predicate (Count 1) and the drug-related murder predicates (Counts 17-19, 24-25) remain unaffected by *Davis*.

9

*Second*, the drug-related murder convictions (Counts 17-19, 24-25) are also crimes of violence under § 924(c)(3)(A). Under § 848(e)(1)(A), the government must prove that the defendant intentionally killed a person. Although § 848(e)(1)(A) has three distinct ways in which a connection is drawn between the killing and the drug trafficking, *see United States v. Hager*, 721 F.3d 167, 179–80 (4th Cir. 2013), the government must still prove an intentional killing for every violation of § 848(e)(1)(A). Such proof satisfies § 924(c)(3)(A).

This Court has repeatedly held that an offense that requires proof of a murder satisfies § 924(c)(3)(A). *See, e.g.*, *Mathis*, 932 F.3d at 264–65 (VICAR murder satisfies § 924(c)(3)(A)); *In re Irby*, 858 F.3d at 236–38 (second-degree retaliatory murder is a crime of violence under § 924(c)(3)(A)); *cf. United States v. Allred*, 942 F.3d 641 (4th Cir. 2019) (knowingly engaging in conduct that causes bodily injury in violation of witness retaliation statute satisfies ACCA's elements clause); *United States v. Battle*, 927 F.3d 160, 167 (4th Cir. 2019) (Maryland conviction for assault with intent to murder satisfies ACCA's elements clause "because the offense contemplates an intentional causation of bodily injury").

Insofar as Tipton might argue that § 848(e)(1)(A) could be violated by a bare omission, this Court has rejected such arguments. *See United States v. Rumley*, 952 F.3d 538, 551 (4th Cir. 2020). This Court and the Supreme Court have recognized that crimes of violence and violent felonies encompass crimes "characterized by

10

extreme physical force, such as murder, forcible rape, and assault and battery with a dangerous weapon." *United States v. Bryant*, 949 F.3d 168, 181 (4th Cir. 2020) (quoting *In re Irby*, 858 F.3d at 236; *Johnson v. United States*, 559 U.S. 133, 140–41 (2010)). Indeed, given that "the force necessary to overcome a victim's physical resistance is inherently 'violent' in the sense contemplated by *Johnson*," *Stokeling v. United States*, 139 S. Ct. 544, 553 (2019), it follows that the force need to kill a person suffices.

*Third*, VICAR murders (Counts 21-23, 27-28) and maiming (Counts 29-30) are crimes of violence under § 924(c)(3)(A). As to the VICAR murders under § 1959(a)(1), this Court has already held that the murder offenses like those here satisfy § 924(c)(3)(A). *See Mathis*, 932 F.3d at 264–65. That conclusion is further reinforced by *United States v. Keene* 955 F.3d 391 (4th Cir. 2020). In *Keene* this Court described the relationship between a particular VICAR enumerated offense—there, assault with a dangerous weapon—and the state law referenced in the VICAR statute. As this Court explained, under the VICAR statute in § 1959, "the statutory language at issue requires only that the defendant's conduct, presently before the court, constitute one of the enumerated federal offenses as well as the charged state crime." *Id*. at 393. Under this approach, a defendant's VICAR offense can be no broader than the enumerated federal offense, and every instance of Tipton's VICAR murder satisfies § 924(c)(3)(A), as *In re Irby* illustrates.

11

VICAR maiming also satisfies § 924(c)(3)(A), although in light of *Ali*, this Court need not reach the question here. If contrary to *Keene*, the Court requires a state predicate crime satisfy § 924(c)(3)(A), then here that requirement is met. Virginia malicious wounding falls within the elements clause. *United States v. Hardy*, 999 F.3d 250, 257 n.4 (4th Cir. 2021) (citing *Rumley*, 952 F.3d at 550). And under any federal generic definition of maiming, the same precedent that establishes that Virginia malicious wounding qualifies would also suffice, as further illustrated by precedent like *Allred* and *Battle*.

Nor could there be a problem with a recklessness *mens rea* for any VICAR predicate crime. Under § 1959(a), the government must prove that the defendant's purpose in committing the predicate crime "was to maintain or increase his position in the enterprise." *United States v. Fiel*, 35 F.3d 997, 1003 (4th Cir. 1997) (citing *United States v. Concepcion*, 983 F.2d 369, 381 (2d Cir. 1992)); *Tipton*, 90 F.3d at 891 (same). Just as the specific intent required for attempted murder narrows the *mens rea* for murder, *see, e.g., Braxton v. United States*, 500 U.S. 344, 351 n.* (1991) ("Although a murder may be committed without an intent to kill, an attempt to commit murder requires a specific intent to kill."), so too the purpose requirement for VICAR makes the commission of the predicate crime deliberate. True, the purpose required under § 1959(a) need not be the sole or even primary purpose,

12

*United States v. Chavez*, 894 F.3d 593, 603–04 (4th Cir. 2018), but it must be a purpose that a defendant has in undertaking the crime.

### B. Even if *Davis* invalidated a predicate for Counts 20 and 26, Tipton still cannot demonstrate any prejudice.

Once direct review is completed, "a presumption of finality and legality attaches to the conviction and sentence," *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993) (citation omitted), and courts are "entitled to presume" that the defendant's conviction and sentence are lawful, *United States v. Frady*, 456 U.S. 152, 164 (1982). That "presumption of regularity . . . makes it appropriate to assign a proof burden to the defendant" on collateral review. *Parke v. Raley*, 506 U.S. 20, 31 (1992); *see also Hawk v. Olson*, 326 U.S. 271, 279 (1945) (explaining that a prisoner necessarily "carries the burden in a collateral attack on a judgment").

Thus, on collateral review, the defendant carries the burden of showing a constitutional violation. *See, e.g.*, *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010). Under governing precedent, however, the mere fact of an invalid predicate offense under § 924(c) does not result in the automatic vacatur of those convictions.

There are many circumstances in which a conviction will rest on multiple theories of liability, only for it to become clear on appeal that one of them is invalid. In such circumstances, courts do not automatically vacate the problematic count. Instead, applying *Yates v. United States*, 354 U.S. 298 (1957), and its

13

progeny, *see Hedgpeth v. Pulido*, 555 U.S. 57, 60–61 (2008) (per curiam); *Skilling v. United States*, 561 U.S. 358, 414 n.46 (2010), they assess the error for harmlessness to determine whether the count survives in view of the strength of the evidence on any still-valid theories of conviction. *See, e.g., United States v. Jefferson*, 674 F.3d 332, 361 (4th Cir. 2012), *as amended* (Mar. 29, 2012) (holding that "a *Yates* alternative-theory error is subject to ordinary harmlessness review, and the relevant appellate inquiry is whether the error was harmless beyond a reasonable doubt"). Under *Hedgpeth*, "[a]n instructional error arising in the context of multiple theories of guilt no more vitiates all the jury's findings than does omission or misstatement of an element of the offense when only one theory is submitted." 555 U.S. at 61.

In cases where a defendant forfeits an alternative-theory claim by failing to raise it below, as did Tipton, he "must show not only that he *could* have been convicted under the erroneous [theory], but also that he *was not* convicted under the properly-instructed" theory. *United States v. Robinson*, 627 F.3d 941, 955 (4th Cir. 2010). And on collateral review, the standard becomes stricter still. In evaluating a habeas claim, the examination of whether a *Yates* alternative-theory error is harmless is further evaluated through the lens of *Brecht v. Abrahamson*, 507 U.S. 619 (1993). Under *Brecht*, a habeas petitioner must show that a purported error resulted in "actual prejudice." *Id.* at 637. Thus, an error is harmless on collateral review

14

unless it had a "substantial and injurious effect" on the defendant's conviction. *United States v. Smith*, 723 F.3d 510, 517 (4th Cir. 2013); *accord Barnes v. Thomas*, 938 F.3d 526, 533 n.3 (4th Cir. 2019) (explaining that the *Brecht* standard is a "'less onerous harmless-error standard' than the requirement on direct appeal that an error be proven 'harmless beyond a reasonable doubt'" (quoting *Brecht*, 507 U.S. at 623)); *cf. Davis v. Ayala*, 135 S. Ct. 2187, 2197 (2015).

Because Tipton was convicted of numerous still-valid predicates, he cannot meet his burden of showing that any *Davis* error had a "substantial and injurious effect" on his proceedings. In fact, far from having a "substantial and injurious effect," *Davis* had no effect at all on Tipton's trial.

To begin, this Court has repeatedly reiterated the principle that a § 924(c) conviction need only rest on one valid predicate to itself be valid. For example, in *Hare*, this Court held that when a § 924(c) conviction has two predicate offenses— one crime of violence and one drug-trafficking crime—the validity of the drug-trafficking predicate is sufficient to sustain the conviction, even if the crime of violence is invalid. 820 F.3d at 105–06. The Court recently reaffirmed this point. *See United States v. Crawley*, 2 F.4th 257, 263 (4th Cir. 2021) ("We reaffirm our holding in *Hare* that a § 924(c) conviction based on one valid and one invalid predicate offense remains sound following *Johnson* and its progeny, and we extend that holding to cases in which the defendant pleads guilty to a § 924(c) offense

15

expressly based on the valid and invalid predicate."). And both before and after *Davis*, this Court has assessed the validity of § 924(c) convictions under principles of alternative-theory error review.

In *United States v. Robinson*, 627 F.3d 941 (4th Cir. 2010), this Court reviewed a § 924(c) conviction with one proper and one improper jury instruction for plain error, holding that the defendant bears the burden of showing "'that the erroneous instruction given resulted in his conviction,' not merely that it was impossible to tell under which prong the jury convicted." *Id*. at 954 (quoting *United States v. Hastings*, 134 F.3d 235, 243–44 (4th Cir. 1998)). Under *Robinson*, a defendant "must show not only that he *could* have been convicted under the erroneous [theory], but also that he *was not* convicted under the properly-instructed" theory. *Id*. at 955.

Recently, in *Ali*, this Court applied *Robinson* to the context of a dual-predicate § 924(c) conviction, applying plain-error review to affirm a defendant's conviction after a trial involving a general jury verdict. *Ali* held that the inclusion of an invalid predicate (Hobbs Act conspiracy) was a plain error but that the valid, factually supported predicate (aiding or abetting Hobbs Act robbery) established that the error did not affect the defendant's substantial rights. *Ali* further held that "a showing of uncertainty as to 'whether the verdict returned by the jury rested solely on the mis-instruction' does not meet the defendant's burden of establishing actual prejudice

16

under the third *Olano* prong." 991 F.3d at 474–75 (quoting *Hastings*, 134 F.3d at 243). And it was irrelevant that the Court "d[id] not know for certain which theory of guilt the jury accepted" because "that [type of] ambiguity is insufficient under plain error review." *Id.* at 575.

*Ali* demonstrates that on direct appeal, a defendant challenging his multi-predicate § 924(c) conviction cannot prevail by simply relying on ambiguity. And, as explained above, on collateral review, that standard is even more exacting. Not only can a defendant not simply rely on ambiguity in the multi-predicate scenario, but he must instead demonstrate that the jury convicted him *solely* in reliance on the no-longer valid predicate offenses. *Granda*, 990 F.3d at 1288 (defendant "must establish a substantial likelihood that the jury relied only on the Count 3 [conspiracy] conviction, because reliance on any of Counts 1, 2, 4, or 5 would have provided a wholly independent, sufficient, and legally valid basis to convict on Count 6. If the absence of the invalid Count 3 predicate would not likely have changed the jury's decision to convict, Granda has not suffered actual prejudice."); *Frady*, 456 U.S. at 172, 102 (no actual prejudice from erroneous jury instructions existed where there was "no substantial likelihood" that the jury would have mitigated a first-degree murder conviction to manslaughter if "only the malice instructions had been better framed"); *see also Robinson*, 627 F.3d at 955. Tipton never attempted such a showing, and the record in this case would make any attempt to do so futile.

17

Tipton was convicted of every count underlying his convictions on Counts 20 and 26. And even assuming the invalidity of one or more crime-of-violence predicates, it is impossible that the jury did not find that Tipton used a firearm in furtherance of the undisputedly valid drug-related murders charged under § 848(e) (Counts 17, 18, 19, 24, and 25). As noted above, § 848(e) is a valid drug-trafficking predicate and is enough—on its own—to support the § 924(c) convictions charged in Counts 20 and 26. As this Court explained on direct appeal, the murders that formed the basis of the § 924(c) convictions were "all in relation to [the defendants'] drug-trafficking operation," and occurred "because their victims were suspected of treachery or other misfeasance, or because they were competitors in the drug trade, or because they had personally offended one of the 'partners.'" *Tipton*, 90 F.3d at 868.

No reasonable jury could have concluded that Tipton used a firearm in furtherance of the assumedly invalid predicate offenses, but not the valid drug-trafficking murder predicates charged in Counts 17, 18, 19, 24, and 25. *See Cannon*, 987 F.3d at 948 (applying harmless-error review to preserved dual-predicate § 924(c) challenge on direct appeal and concluding that "[n]o reasonable juror could have found that Cannon and Holton carried their firearms in relation to the Hobbs Act robbery conspiracy but not the cocaine conspiracy."). The § 848(e) murder convictions all stem from the same underlying set of facts as the VICAR offenses

18

charged in Counts 21-23 and 27-30. The drug-related murders and the VICAR predicates are coextensive, making it virtually impossible for a jury to have concluded that Tipton used a firearm in furtherance of one but not the other. *See id*. (noting that "the indictment itself indicates the two conspiracies were intertwined and coextensive."); *see also Foster v. United States*, 996 F.3d 1100, 1107 (11th Cir. 2021) ("It is undeniable that Foster's valid drug trafficking predicates are inextricably intertwined with the invalid Hobbs Act conspiracy predicate."); *Parker v. United States*, 993 F.3d 1257, 1263 (11th Cir. 2021) ("It is inconceivable that the jury could have found that Parker conspired to, and did, use and carry a firearm in furtherance of his conspiracy to rob the house (the invalid predicate) without also finding at the same time that he did so in furtherance of his conspiracy and attempt to obtain the cocaine in the same house (both valid predicates)."). And again, the jury found Tipton guilty of all the predicate offenses, thus removing any doubt that might exist in this case. *See id*. ("The jury's guilty verdicts on both Counts 1 and 2 conclusively establish that the jury unanimously found beyond a reasonable doubt that the defendants were conspiring to rob the stash house of cocaine so they could then possess and distribute the cocaine themselves."); *see also Foster*, 996 F.3d at 1108 (same); *Parker*, 993 F.3d at 1263 (same).

As explained above, even after *Davis*, Tipton's § 924(c) convictions are still supported by, at the very least, valid drug-trafficking crimes and VICAR murder

19

predicates. Given this reality—as well as Tipton's repeated failure to even attempt to demonstrate some form of prejudice from the assumedly no-longer valid predicate offenses—he cannot demonstrate that any error had a "substantial and injurious effect" on his convictions. *Smith*, 723 F.3d at 517.

On plain-error review, Tipton would have to demonstrate "not only that he *could* have been convicted under the erroneous [theory], but also that he *was not* convicted under the properly-instructed" theory. *Robinson*, 627 F.3d at 955; *see also Ali*, 991 F.3d at 474–75 ("[A] showing of uncertainty as to 'whether the verdict returned by the jury rested solely on the mis-instruction' does not meet the defendant's burden of establishing actual prejudice"). But on collateral review, Tipton must establish a "substantial likelihood" that the jury relied *only* on the now-invalid predicate offenses. *See Granda*, 990 F.3d at 1288; *Parker*, 993 F.3d at 1264. Tipton has not—and cannot—make this showing. His challenge to Counts 20 and 26 must therefore be rejected.

Respectfully submitted,

Raj Parekh
Acting United States Attorney


/s/
_____
Richard D. Cooke
Joseph Attias
Assistant United States Attorneys


20

## Statement Regarding Oral Argument

The United States respectfully suggests that oral argument is not necessary in this case.

## Certificate of Compliance

I certify that this brief was written using 14-point Times New Roman typeface and Microsoft Word 2016.

I further certify that this memorandum brief does not exceed 20 pages, as per the Court's order, excluding the table of contents, table of authorities, statement regarding oral argument, this certificate, the certificate of service, and any addendum.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.

/s/

Joseph Attias
Assistant United States Attorney

21