**RECORD NO. 20-10**

In The

# United States Court of Appeals
### For The Fourth Circuit

## In re: RICHARD TIPTON, a/k/a Whittey,

**Movant.**

## CAPITAL CASE

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA AT AT RICHMOND

### MOVANT'S MEMORANDUM BRIEF

**Gerald W. King, Jr.**
FEDERAL PUBLIC DEFENDER
  WESTERN DISTRICT OF NORTH CAROLINA
**129 West Trade Street, Suite 300**
**Charlotte, North Carolina 28202**
**(704) 374-0720**

**Jeffrey Lyn Ertel**
FEDERAL DEFENDER PROGRAM, INC.
**101 Marietta Street, Suite 1500**
**Atlanta, Georgia 30303**
**(404) 688-7530**

**Stephen Northup**
TROUTMAN SANDERS LLP
**Post Office Box 1122**
**Richmond, Virginia 23218**
**(804) 697-1240**

**Frederick R. Gerson**
DURRETTE, ARKEMA,
  GERSON & GILL PC
**1111 East Main Street, 16th Floor**
**Richmond, Virginia 23219**
**(804) 775-6900**

*Counsel for Appellant – Richard Tipton, III.*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...............................................................................ii

I. The Question Before This Court Is Whether Movant Has Made a Prima Facie Case for Authorization ...................................................... 3

II. *Ali*'s Procedural Posture and Facts are Readily Distinguished ............ 6

    A. *Ali* and the Present Application Differ in Posture and Standard of Review.................................................................. 10

    B. As Opposed to *Ali*, There is No "Strong Proof" in the Record Below............................................................................ 11

    C. Mr. Tipton's Valid and Invalid Predicates Are Not Intertwined ......................................................................................12

    D. Neither the Court's Instructions nor Mr. Tipton's Verdict Form Required His Jury's Unanimity As to His Predicate Offenses ......................................................................................14

III. Conclusion ........................................................................................16

CERTIFICATE OF SERVICE AND COMPLIANCE...................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Hubbard,*
 825 F.3d 225 (4th Cir. 2016)........................................................*passim*

*In re Irby,*
 858 F.3d 231 (4th Cir. 2017) ........................................................... 4

*In re Phillips,*
 879 F.3d 542 (4th Cir. 2018)............................................................ 5

*In re Stevens,*
 956 F.3d 229 (4th Cir. 2020).......................................................11, 16

*In re Thomas,*
 988 F.3d 783 (4th Cir. 2021) ........................................................ 4, 5

*In re Thomas,*
 988 F.3d 783 (4th Cir. 2021) .......................................................5, 10

*In re Vassell,*
 751 F.3d 267 (4th Cir. 2014)............................................................ 5

*In re Williams,*
 330 F.3d 277 (4th Cir. 2003) .....................................................3, 4, 10

*Johnson v. United States,*
 576 U.S. 591 (2015) ....................................................................... 5

*Said v. U.S.,*
 Case No. 2:10-CR-00057-RAJ-DEM (E.D. Va. July 19, 2021) ............ 2

*United States v. Ali,*
 991 F.3d 561 (4th Cir. 2021)........................................................*passim*

*United States v. Cowden,*
    882 F.3d 464 (4th Cir. 2018) .............................................................. 7

*United States v. Davis,*
    ___ U.S. ___, 139 S. Ct. 2319 (2019).................................................. 4, 11

*United States v. Eldridge,*
    No. 18-3294-CR, 2021 WL 2546175 (2d Cir. June 22, 2021)..............12

*U.S. v. Hastings,*
    134 F.3d 235 (4th Cir. 1998) .............................................................. 9

*United States v. Heyward,*
    2021 WL 2638609 (2d Cir. June 28, 2021) .......................................13

*United States v. Jones,*
    935 F.3d 266 (5th Cir. 2019)........................................................ 12, 13

*United States v. McClaren,*
    998 F.3d 203 (5th Cir. 2021) .............................................................13

*United States v. Savoires,*
    430 F.3d 376 (6th Cir. 2005) .............................................................15

**STATUTES**

18 U.S.C. § 16(b) ...................................................................................... 5

18 U.S.C. § 924(c) ............................................................................*passim*

18 U.S.C. § 924(c)(3)(B) ........................................................................... 5

21 U.S.C. § 848(e)...............................................................................11, 13

21 U.S.C. § 841(a)(1) ..........................................................................11, 13

21 U.S.C. § 1959 ...................................................................................... 11

28 U.S.C. § 2244................................................................................... 3, 11

28 U.S.C. § 2244(b)(2) .......................................................................... 3, 10

28 U.S.C. § 2244(b)(3)(C) ..........................................................................16

28 U.S.C. § 2255(h)(2) ............................................................................1, 4

No. 20-10

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

IN RE RICHARD TIPTON, III,

Movant.

**CAPITAL CASE**

**MOVANT'S MEMORANDUM BRIEF**

Movant Richard Tipton, III, respectfully submits this memorandum brief in accordance with this Court's order of July 26, 2021, DE 33, which directed the parties to address his application for authorization to file a successive motion under 28 U.S.C. § 2255(h)(2), DE 25, in light of this Court's recent decision in *United States v. Ali*, 991 F.3d 561 (4th Cir. 2021). Movant submits that *Ali* has no relevance to the only question before this Court: whether he has made a prima facie case that his authorization application should be granted[1]—a "relatively low bar."[2] *Ali*'s direct appeal

---

[1] Per this Court's order, Movant devotes this memorandum brief to *Ali*'s applicability to his application for authorization, and will address the Government's memorandum brief (DE 35) in his reply.

[2] *In re Hubbard*, 825 F.3d 225, 231 (4th Cir. 2016)

1

under plain-error review is in a dramatically different procedural posture than Mr. Tipton's application, subject to a more expansive review and exacting standard. But even if their cases were identically situated, the operative facts in *Ali* differ from Mr. Tipton's in ways critical to the analysis of his proposed Section 2255 motion—so much so that *Ali* not only provides no basis for the denying his authorization motion, but supports granting it.

Mr. Tipton addresses below why each of these issues makes *Ali* inapplicable to his case.[3]

---

[3] Another case pending before this Court is instructive: *U.S. v. Said*, No. 21-7089. In *Said*, the district court granted the petitioner's § 2255 motion and vacated his § 924(c) convictions based upon its "grave doubt...based on the record[,] which is unclear on whether the jury relied on the invalid predicate offenses...or valid offenses...or a combination thereof" when finding him guilty. See Order (Doc. No. 632) at 22, *Said v. U.S.*, Case No. 2:10-CR-00057-RAJ-DEM (E.D. Va. July 19, 2021). Notably, the district court so ruled after *Ali* had been decided and briefed to that court. As with Mr. Tipton, *Said*'s § 924(c) offenses were based on multiple predicates that, unlike *Ali*, were not factually intertwined and were imposed by a jury that was never instructed that it had to decide unanimously which predicate supported its finding of guilt. This Court has directed expedited briefing in *Said*, and its decision might provide authority more on point than *Ali*.

2

### I. The Question Before This Court Is Whether Movant Has Made a Prima Facie Case for Authorization.

As this Court's order directs the parties to address "movant's *application* in light of" *Ali*, DE 33, the relevance of *Ali* is limited to its pertinence to the standard for granting Movant's application for pre-filing authorization. And that standard requires "only…a prima facie showing that the application satisfies the requirements of § 2244." *In re Hubbard*, 825 F.3d at 229 (cleaned up). This Court need not—and, indeed, should not—decide whether Mr. Tipton will ultimately prevail on his claim, only whether he is entitled to pursue a successive claim. *In re Williams*, 330 F.3d 277, 282 (4th Cir. 2003). And he is so entitled if he "presents a claim that relies on a qualifying new rule of constitutional law" and "makes a sufficient showing of possible merit to warrant a fuller exploration by the district court." *In re Hubbard*, 825 F.3d at 229.

This Court has emphasized that the bar for a prima facie case is "relatively low," and that "it is for the district court to determine whether the new rule extends to the movant's case, not for this court in this proceeding." *Id.* at 231. In keeping with this precept, "while determining whether to authorize a successive petition 'may entail a cursory glance at the merits," this Court has declared that "the focus of the inquiry must always remain on the § 2244(b)(2) standards.'" *In re Hubbard*, 825 F.3d at

3

231 (citing *In re Williams*, 330 F.3d at 282); *see also In re Irby*, 858 F.3d at 233.

An inquiry thus focused reveals that Mr. Tipton's application satisfies those standards—and, as discussed infra, takes little from *Ali*. Mr. Tipton has applied for authorization to file a successive Section 2255 motion that challenges his convictions and sentences for using a firearm in violation of 18 U.S.C. § 924(c) in light of the Supreme Court's decision in *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019), which invalidated that statute's "residual clause." DE 2-1. This Court has concluded that *Davis* announced a new substantive rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court and that was previously unavailable, thus satisfying the requirements of § 2255(h)(2)). See, e.g., *In re Thomas*, 988 F.3d 783, 790 (4th Cir. 2021).

Relying on *Davis*'s new substantive rule, Mr. Tipton's claim contends that his § 924(c) convictions are unconstitutional, as their purported predicate offenses cannot categorically qualify as "crime of violence" under § 924(c)'s surviving "force" or "elements" clause, because (1) none has the use, attempted use, or threatened use of violent physical force as a required element, and (2) each can be accomplished without the defendant's intentional use, attempted use, or threatened use of the same. DE 2-1 at 2.

4

Because his jury was not required to unanimously find a specific offense as the predicate for his § 924(c) convictions, moreover, reviewing courts cannot assume that all of the jurors found a predicate that authorized conviction for *a drug trafficking crime*, as opposed to a crime of violence. *Id.* at 2.

This claim surely survives the only "cursory glance at the merits" standard that is authorized at this preliminary stage. *In re Thomas*, 988 F.3d at 791. In *Hubbard*, this Court found that the movant had met that "threshold burden," 825 F.3d at 232, with a claim that relied upon arguing that the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), which invalidated the residual clause of the Armed Career Criminal Act, "render[ed] similar language in a closely related provision"— specifically, the residual clauses of §§ 16(b) & 924(c)(3)(B)— "unconstitutional," *id.* at 231. Here, *Davis* squarely invalidated the residual clause of the § 924(c) convictions that Mr. Tipton challenges. Nor does Mr. Tipton run afoul of the strictly "procedural grounds" on which this Court has relied in declining to authorize successive applications as "exercise[s] in futility." *In re Thomas*, 988 F.3d 783, 790–91 (4th Cir. 2021) (discussing *In re Vassell*, 751 F.3d 267, 271 (4th Cir. 2014), and *In re Phillips*, 879 F.3d 542, 546–47 (4th Cir. 2018)).

5

*Ali* does nothing to undercut the plausibility of Mr. Tipton's claim. As discussed *infra*, *Ali* is a direct appeal case that this Court reviewed for plain error. Given its different posture, its analysis of the merits of the claim is far more searching, and subject to a much more stringent standard, than is appropriate at this preliminary stage. *Ali* did not announce a dispositive rule that would foreclose any movant from obtaining relief for the category of claim detailed in Mr. Tipton's proposed Section 2255 Motion. And *Ali*'s holding, which is both fact-bound and readily distinguishable, does not apply so squarely to Mr. Tipton's case that it commands, or even suggests, a result. Indeed, the cases are so distinct that *Ali* might—and only *might*—have pertinence for subparts of the ultimate "merits argument[s]" that this Court has deemed "premature at this preliminary stage" and that, when offered in opposition to an authorization motion, "face[] an almost insurmountable hurdle[.]" *In re Hubbard*, 825 F.3d at 229, 231.

## II.  *Ali*'s Procedural Posture and Facts are Readily Distinguished.

The defendant in *Ali* was charged with, inter alia, "four counts of aiding and abetting Hobbs Act robbery...[and] four counts of carrying a firearm in connection with a crime of violence" in violation of Section 924(c). *Ali*, 991 F.3d at 564. Instructing the defendant's jurors "on the Hobbs Act robbery charges and the § 924(c) charges," the district court

6

"told [them] that Ali could be found guilty under either one of two theories." *Id.* at 572. The jurors could find him guilty of Hobbs Act robbery "'because he ... aided and abetted the crime of interfering with commerce by robbery' *or* 'because he conspired with others to commit that crime.'" *Id.* (emphasis added). The district court made clear that "the government did not need to prove both"; "rather 'one was sufficient.'" *Id.* (cleaned up). The court then "instructed that the crime of violence element [for the Section 924(c) charges] would be met if Ali had *either* 'knowingly conspired to commit' Hobbs Act robbery '*or* aided and abetted in the commission of the robbery.'" *Id.* (emphases added).

Ali did not object to these charges. On appeal, however, he argued that "the district court's instructions to the jury were improper because one of the two theories of guilt could not serve as a valid predicate for § 924(c)." *Id.* Specifically, he contended that "Hobbs Act conspiracy was not a crime of violence as required by the statute." *Id.*

Because of Ali's failure to object contemporaneously to the district court's instructions, this Court reviewed his claim for plain error, applying the exacting four-part standard promulgated in *United States v. Cowden*, 882 F.3d 464, 475 (4th Cir. 2018). *Id.* This Court agreed that the district court's instruction on Hobbs Act conspiracy was plain error, as it is "not

7

categorically a crime of violence." *Id.* at 573.  This Court also held that the

"second theory of guilt," aiding and abetting Hobbs Act robbery, "was a

valid predicate for Ali's § 924(c) charges." *Id.*  But this Court rejected Ali's

argument that it must vacate his Section 924(c) convictions because, per

"the modified categorical approach," it "cannot know whether the jury

convicted him of Hobbs Act robbery conspiracy (an invalid predicate) or

aiding and abetting Hobbs Act robbery (a valid predicate)[.]" *Id.* at 574.  It

premised that rejection, however, on "the nature of our inquiry under *plain

error review*," *id.* (emphasis added), which obliged it to go well beyond the

"cursory glance at the merits" and to impose a far higher bar to relief than

authorized when assessing a successive application.

     As this Court explained, the relevant question for *plain error review*

is "whether the inclusion of the improper theory of guilt "*affected the

outcome of the district court proceedings*"—which, as opposed to the

purely legal "determination of whether a criminal offense is a 'crime of

violence'…requires a *record-intensive factual inquiry*." *Id.* at 574-75

(emphases added).  And, to prevail under plain error review, Ali was

required to show "that the erroneous instruction given *resulted in his

conviction*, not merely that it was impossible to tell under which prong the

jury convicted." *Id.* at 575 (emphasis added).   Accordingly, while this Court

8

agreed that it did "not know for certain which theory of guilt the jury accepted," it found "that ambiguity...insufficient *under plain error review*" for Ali to obtain relief. *Id.* (emphasis added) (citing, inter alia, *Hastings*, 134 F.3d at 243 (a showing of uncertainty as to "whether the verdict returned by the jury rested solely on the mis-instruction" does not meet defendant's burden of establishing actual prejudice under plain error review)).

Proceeding to the record-intensive factual inquiry required for plain-error prejudice, this Court held that Ali could not satisfy its requirements. Indeed, this Court noted *uncontested* "cell site location data...establish[ing] that Ali "was at the [robbery] sites during the robberies (and no other time) and was "with his co-defendants at the times those co-defendants said the proceeds were distributed"—which, combined with their testimony as to his planning and assisting with the crimes and *providing and carrying firearms*, "is *strong proof* that Ali did more than simply conspire to commit robberies but that he assisted their commission," and "support[ed] a finding that Ali aided and abetted the robberies." *Id.* at 575-76 (emphasis added).

9

### A.   *Ali* and the Present Application Differ in Posture and Standard of Review.

The first and perhaps dispositive distinction between Ali's direct appeal claim and Mr. Tipton's authorization application is what each must show to prevail.  As noted supra, Ali could not overcome this Court's plain error review unless he demonstrated that "that the erroneous instruction given resulted in his conviction, not merely that it was impossible to tell under which prong the jury convicted," *Id.* at 575.   For Mr. Tipton, who need show only a prima facie case, the uncertainty as to what his jury did *is* sufficient to show that he is "entitled to pursue a successive claim." *In re Hubbard*, 825 F.3d at 229 (citing *In re Williams*, 330 F.3d at 282). Even (and perhaps especially) when this Court's "cursory glance" reveals "competing approaches" as to the underlying claim, it is appropriate to find a "plausible claim for relief that warrants further exploration by the district court." *In re Thomas*, 988 F.3d 783, 792 (4th Cir. 2021).

Also distinct is the nature of the inquiries authorized in these very different postures.  Where "the focus of the inquiry" for Mr. Tipton "must always remain on the § 2244(b)(2) standards" and *not* the ultimate merits of his claim, *In re Hubbard*, 825 F.3d at 231,  *Ali required* this Court to conduct a "case-specific and fact-intensive determination" of the merits of his claim. 991 F.3d at 575 (internal quotations omitted).

10

And the standards of review could hardly be more different. Mr. Tipton "need not convince [this Court] that he will ultimately satisfy [§ 2244's] strict dictates." *In re Stevens*, 956 F.3d 229, 233 (4th Cir. 2020). By contrast, Ali was expressly obliged to prove what movants like Mr. Tipton are not: that he would "ultimately prevail on his claim." *In re Hubbard*, 825 F.3d at 229.

### B.    As Opposed to *Ali*, There is No "Strong Proof" in the Record Below.

As this Court noted, the record in *Ali* provided "strong proof" of the still-valid predicate offense. Not so for Mr. Tipton. Mr. Tipton's Second Superseding Indictment offered multiple § 848(e) and § 1959 counts as predicates for each of his Section 924(c) counts which, after *Davis*, are no longer valid.[4] And there is no evidence in the record demonstrating that firearms were used *in the commission of* Mr. Tipton's only surviving predicate offenses: his convictions for drug-trafficking in violation of 21 U.S.C. § 841(a)(1). Even if this Court were authorized to engage in the

---

[4] For the first, Count 20, the indictment cited: conspiracy, as charged in Count 1; the § 848(e) violations charged in Counts 17, 18, and 19; and the § 1959 violations charged in Counts 21, 22 and 23. DE 2-2 at 57. For the second, Count 26, the indictment cited: conspiracy, again as charged in Count 1; § 848(e) violations as charged in Counts 24 and 25; § 1959 violations as charged in Counts 27 and 28; and the § 1959 maiming violations charged in Counts 29 and 30. *Id.*

11

"case-specific and fact-intensive" plain error review required in *Ali*, it would

not find "overwhelming," "strong," or even persuasive evidence that the

jury's Section 924(c) verdicts rested on those predicates.  991 F.3d at 575.[5]

### C.    Mr. Tipton's Valid and Invalid Predicates Are Not Intertwined

Unlike *Ali*, the valid and invalid alternative predicates on which Mr.

Tipton's Section 924(c) convictions might have been based are "not

coextensive."  *United States v. Jones*, 935 F.3d 266 (5th Cir. 2019). The

alternate predicates at issue in *Ali*—"whether the jury convicted him of

Hobbs Act robbery conspiracy (an invalid predicate) or aiding and abetting

Hobbs Act robbery (a valid predicate)," *Id.* at 574—involved an analysis of

essentially the same facts and evidence.  Indeed, in *Ali*, this Court suggested

that the offenses were so closely related that the question of whether the

defendant had conspired to commit Hobbs Act robbery was *subsumed* by

the question of whether he aided and abetted.  *Id.* at 575-76 (Ali's conduct

---

[5] Also persuasive is the Second Circuit's decision in *United States v. Eldridge*—a case in a posture nearly identical to *Ali*—which also depended on that Court's conclusion that any "error relating to the Hobbs Act conspiracy and kidnapping predicates did not affect Eldridge's substantial rights under plain-error review, given *the strength of the evidence* supporting the attempted Hobbs Act robbery predicate and *the link between Eldridge's brandishing of the gun and that crime*," which was "*overwhelming*."  No. 18-3294-CR, 2021 WL 2546175, at *6, *10 (2d Cir. June 22, 2021) (emphases added).

was "*more than* simply conspir[ing] to commit robberies but…assist[ing] their commission" (emphasis added)).  And the testimony of Ali's codefendants that Ali provided them with firearms and that Ali carried a firearm during a robbery – the valid predicate crime – was "consistent" and "unrebutted." *Id.* at 576.

In Mr. Tipton's case, there is no such overlap between his alternative predicate offenses.  His § 841(a)(1) convictions for drug trafficking, which remain valid, and his § 848(e) and § 1959 convictions, which *Davis* has negated, are separate and separable.  As the Second Circuit has held, when alternative predicates of murder and drug conspiracies are not "inextricably intertwined," the appropriate "inquiry is directed to whether we can *confirm* that the jury based the *firearm* conviction on a valid drug-trafficking predicate." *United States v. Heyward*, 2021 WL 2638609, at *6, n.7 (2d Cir. June 28, 2021) (emphasis added).  The Fifth Circuit held similarly in *Jones*, vacating the defendants' § 924(c) convictions where "the [invalid] RICO conspiracy offense encompassed conduct beyond the [valid] controlled-substance conspiracy," creating a reasonable probability that the jury would not have convicted the defendants of the § 924(c) offenses absent the invalid predicate.  935 F.3d at 273; see also *United States v. McClaren*, 998 F.3d 203 (5th Cir. 2021) (same).

13

### D.   Neither the Court's Instructions nor Mr. Tipton's Verdict Form Required His Jury's Unanimity As to His Predicate Offenses.

In *Ali*, the district court instructed the jury that it "must agree unanimously upon each element" of each § 924(c) count before it could convict. See Joint Appendix, *United States v. Ali*, Case No. 15-4433 (Jan. 6, 2016), ECF No. 46, at 758, 761, 763, 754. In Mr. Tipton's case, by contrast, the district court gave no such instruction. In fact, the district court made *no reference* to the predicate offenses when instructing his jury. Tr. 3221-24. The district court limited its instruction to reading the text of § 924(c)(1), including a nearly verbatim recitation of its force and residual clauses. *Id.* As to the predicate offenses, the district court made no distinction between them, stating only that "[t]he offenses alleged . . . are crimes of violence or drug trafficking crimes." Tr. 3223. The district court urged the jury to refer to Movant's verdict form to "assist" it in "giving individual consideration to each...*count* against him," Tr. 3219-22 (emphasis added). But that form contained no instruction that directed the jury to agree unanimously as to which of the many alternative offenses served as the predicate for Mr. Tipton's § 924(c) convictions, either. DE 2-2 at 66-72. The extent of the assistance it offered Mr. Tipton's jurors was to direct them to find him "Guilty or Not Guilty." *Id.*

14

Because Mr. Tipton's jurors were not directed to reach unanimity as to the predicate offense for his Section 924(c) convictions, there is a distinct possibility that *different* jurors found him guilty of those charges based upon *different* predicate offenses. The Sixth Circuit's decision in *United States v. Savoires*, 430 F.3d 376, 380 (6th Cir. 2005), which reviewed a virtually identical issue, is instructive. The district court in *Savoires* gave the jury two definitions of conduct that violated Section 924(c)—one valid, and one invalid. *Savoires*, 430 F.3d at 380. It then instructed the jury that it could find the defendant guilty under either, without requiring unanimity as to which. *Id.* Reviewing for plain error, as this Court did in *Ali*, the Sixth Circuit reversed, concluding that the district court's "duplicitous" charge prejudiced the defendant's "substantial rights', as "the jury might have found [the defendant] guilty of an 'offense'...that is not criminalized by § 924(c)." *Savoires*, 430 F.3d at 380.

Like *Savoires*, nothing in the instructions—or verdict form—given to Mr. Tipton's jury "mitigate[d] the risk of jury confusion and alleviate[d] the doubt that would otherwise exist as to whether all members of the jury had found the defendant guilty of the same offense." *Savoires*, 430 F.3d at 380. In light of that doubt, even if this Court were to conduct a plain-error, fact-intensive review of Mr. Tipton's case as it did in *Ali*—which, again, goes

15

beyond what is required or appropriate for assessing his authorization application—it could not conclude that Movant's Section 924(c) offenses rest on a valid predicate.

## III.    Conclusion

*Ali* shines very little "light" on Mr. Tipton's application for authorization. Mr. Tipton has made the "prima facie showing that [his] application satisfies the requirements of § 2244" required "to gain pre-filing authorization." *In re Hubbard*, 825 F.3d at 229 (citing 28 U.S.C. § 2244(b)(3)(C)). That is and must remain the "focus of [this Court's] inquiry." *id* at 231. While that "may entail a cursory glance at the merits," *id.*, "[a]t this stage in the proceedings, [this Court] may not plod along any further." *In re Stevens*, 956 F.3d at 233. Accordingly, any comparison to the question before this Court and the outcome of its "record-intensive factual inquiry" in *Ali* to assess actual prejudice pursuant to plain-error review is fundamentally inapposite. *Ali*, 991 F.3d at 574-75. Even if these matters were not distinguished by their procedural postures and standards of review, their ready factual distinctions—particularly given that Mr. Tipton's alternative predicate offenses were neither factually intertwined nor found unanimously by his jury—would defeat any comparison between them.

16

WHEREFORE, Movant Richard Tipton III respectfully requests that this Court grant him authorization to file his Section 2255 Motion in the district court.

Respectfully submitted on this, the 12th day of August, 2021.

*/s/ Gerald W. King, Jr.*
Gerald W. King, Jr.
Ga. Bar No. 140981
Chief, Fourth Circuit Capital
Habeas Unit
129 West Trade Street, Suite 300
Charlotte, NC 28202
Tel: (704) 374-0720
Direct: (704) 688-6946
E-mail: gerald_king@fd.org

Stephen Northup
VSB #16547
Troutman Pepper LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmanpepper.com

Jeffrey Lyn Ertel
Ga. Bar No. 249966
Federal Defender Program, Inc.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Jeff_Ertel@fd.org

Frederick R. Gerson
VSB #39968
Durrette, Arkema, Gerson & Gill PC
Bank Of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219
fgerson@dagglaw.com

Counsel for Richard Tipton, III.

17

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that the foregoing memorandum brief complies with this Court's rules and its order of July 26, 2021, DE 33, in that it totals fewer than twenty (20) pages, and was duly served upon Respondents' counsel of record by CM/ECF filing.

> Richard Cooke, Esq.
> U.S. Attorney's Office
> Eastern District of Virginia
> 2100 Jamison Avenue
> Alexandria, Virginia 22314
> Richard.Cooke@usdoj.gov

> */s/ Gerald W. King, Jr.*
> Gerald W. King, Jr.
> Counsel for Richard Tipton, III

18