**RECORD NO. 20-10**

In The
# United States Court of Appeals
For The Fourth Circuit

## In re:  RICHARD TIPTON, a/k/a Whittey,

**Movant.**

# CAPITAL CASE

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE  EASTERN DISTRICT OF VIRGINIA AT AT RICHMOND

### MOVANT'S REPLY MEMORANDUM BRIEF

**Gerald W. King, Jr.**
FEDERAL PUBLIC DEFENDER
  WESTERN DISTRICT OF NORTH CAROLINA
**129 West Trade Street, Suite 300**
**Charlotte, North Carolina  28202**
**(704) 374-0720**

**Jeffrey Lyn Ertel**
FEDERAL DEFENDER PROGRAM, INC.
**101 Marietta Street, Suite 1500**
**Atlanta, Georgia  30303**
**(404) 688-7530**

**Stephen Northup**
TROUTMAN SANDERS LLP
**Post Office Box 1122**
**Richmond, Virginia  23218**
**(804) 697-1240**

**Frederick R. Gerson**
DURRETTE, ARKEMA,
  GERSON & GILL PC
**1111 East Main Street, 16th Floor**
**Richmond, Virginia  23219**
**(804) 775-6900**

*Counsel for Appellant – Richard Tipton, III.*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................ ii

    A.    *Ali* Announced No Dispositive Principle ......................................1

    B.    The § 848(e) Charges Were Prosecuted as Crimes of Violence ........................................................................... 3

    C.    The § 848(e) Convictions Are Not Valid Murder Predicates ........................................................................ 5

    D.    Mr. Tipton's § 1959 Convictions Are Not Categorically Crimes of Violence.................................................... 7

    E.    Mr. Tipton Has Shown a Prima Facie Case ..............................8

CERTIFICATE OF SERVICE AND COMPLIANCE.......................................12

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Borden v. United States,*
  141 S. Ct. 1817 (2021) .............................................................. 6

*In re Hubbard,*
  825 F.3d 225 (4th Cir. 2016).............................................................. 9

*In re Phillips,*
  879 F.3d 542 (4th Cir. 2018).............................................................. 9

*In re Thomas,*
  988 F.3d 783 (4th Cir. 2021) ...................................................... 9, 10

*In re Vassell,*
  751 F.3d 267 (4th Cir. 2014).............................................................. 9

*Said v. U.S.,*
  Case No. 2:10-CR-00057-RAJ-DEM (E.D. Va. July 19, 2021) .......... 10

*United States v. Ali,*
  991 F.3d 561 (4th Cir. 2021)...........................................................1, 2, 3

*United States v. Alvarez,*
  266 F.3d 587 (6th Cir. 2001) .............................................................. 6

*United States v. Davis,*
  ___ U.S. ___, 139 S. Ct. 2319 (2019)................................................... 2, 4

*United States v. Keene,*
  955 F.3d 391 (4th Cir. 2020).............................................................. 7

*United States v. Mathis,*
  932 F.3d 242 (4th Cir. 2019).............................................................. 7

ii

*United States v. Tipton,*
    90 F.3d 861 (4th Cir. 1996)......................................................................4

*United States v. Townsend,*
    886 F.3d 441 (4th Cir. 2018)...................................................................8

## STATUTES

18 U.S.C. § 1959 ....................................................................................... 7, 8

18 U.S.C. § 924(c) ....................................................................................*passim*

18 U.S.C. § 924(c)(3)(A) ........................................................................ 7

21 U.S.C. § 841(a)(1) ............................................................................... 3

21 U.S.C. § 846 ......................................................................................... 4

21 U.S.C. § 848(e)...................................................................................*passim*

28 U.S.C. § 2244....................................................................................... 9

28 U.S.C. § 2244(b)(1)............................................................................ 9

28 U.S.C. § 2244(b)(2) ........................................................................... 9

28 U.S.C. § 2255(h)(1)............................................................................ 8

iii

This Court "direct[ed] the parties to file memorandum briefs addressing movant's application" for authorization to file a successive motion under 28 U.S.C. § 2255(h)(2) "in light of this court's decision in *United States v. Ali*, 991 F.3d 561 (4th Cir. 2021)." DE 33. The Government instead urges this Court to conduct a premature adjudication of the ultimate merits of Mr. Tipton's proposed Section 2255 motion, based on arguments independent of *Ali*. Even on their own terms, those arguments support rather than foreclose this Court's granting Mr. Tipton's application.

## A.   *Ali* Announced No Dispositive Principle

The Government asserts that *Ali* "rejected a central legal argument in Tipton's proposed § 2255 motion—namely, that the categorical approach displaces ordinary harmless-error principles when the jury could have relied on multiple predicate offenses for a § 924(c) count." (DE 35 at 1.) This misstates Mr. Tipton's position. He does not assert that the categorical approach displaces harmless error principles; on the contrary, they work in concert. In addressing "what the categorical approach accomplishes and the nature of our inquiry *under plain error review*," *Ali* held that "[t]he purpose of the categorical (and modified categorical) approach is not to determine what the predicate was—a factual question—but rather whether

1

a particular predicate meets the requirements of a 'crime of violence'—a purely legal question." 991 F.3d at 574 (emphasis added). In *Ali*, this Court "already kn[e]w" that one of *Ali*'s two, intertwined predicate offenses—aiding and abetting Hobbs Act robbery—met those requirements while the other—Hobbs Act conspiracy—did not. *Id.* at 574. Given *Ali*'s procedural posture—the plain-error review for actual prejudice of an unpreserved claim on direct appeal—the Court then answered that factual question itself, through "a case-specific and fact-intensive determination" that yielded an "overwhelming weight" of uncontroverted evidence establishing that Ali had committed the valid predicate offense while *providing and carrying firearms. Id.* at 574-76 (internal citations omitted).

Here, Mr. Tipton hopes for the same review. That a court will first determine which of the offenses charged as predicate offenses for his § 924(c) convictions remain valid after *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019), before conducting the case-specific, fact-intensive assessment of whether those predicates that remain valid were committed using firearms, and whether his jury necessarily considered and reached unanimity on one of them before finding Mr. Tipton guilty. The Government, however, urges this Court to remove that review from the provenance of the district court—which, in this procedural posture so

2

different from *Ali*, is where it belongs—and declare the Government's desired outcome a matter of law and inevitability.

That is unavailing. *Ali* announced no rule that forecloses this Court's grant of authorization or the district court's grant of relief. Its dramatically different procedural posture subjected it to a more expansive review and exacting standard than authorized for Mr. Tipton's application. But even if their cases were identically situated, the alternative predicates at issue in Mr. Tipton's case are neither intertwined nor supported by uncontroverted evidence as those in *Ali*. Accordingly, and as explained below, the Government's own fact-intensive arguments militate against so eliding this analysis, which can be properly conducted only after authorization.

**B.     The § 848(e) Charges Were Prosecuted as Crimes of Violence.**

The thrust of the Government's argument is that Mr. Tipton's § 924(c) convictions are predicated upon offenses that can serve, interchangeably, as crimes of violence *or* drug trafficking crimes. This is incorrect. The only convictions that qualify as "drug trafficking crimes" are Mr. Tipton's convictions on Counts 32 and 33 of his second superseding indictment, which charged him with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). And his jury neither

3

specifically found nor was asked to find that Mr. Tipton used a firearm in the commission of those offenses.

The Government argues, however, that because the Supreme Court's decision in *Davis* "did not invalidate the definition of a 'drug trafficking crime,' which includes 'any felony punishable under the Controlled Substances Act,'" the § 846 "drug conspiracy predicate" charged in Count 1 and the § 848(e) charges in Counts 17-19 and 24-25 remain valid drug-trafficking predicates for his § 924(c) offenses. DE 35 at 9. This argument is clearly unavailing as to Count 1, which this Court vacated on direct appeal as violating the Constitution's double jeopardy clause. *United States v. Tipton*, 90 F.3d 861, 891 (4th Cir. 1996). It is no more persuasive as to Mr. Tipton's § 848(e) convictions, as the Government's own arguments demonstrate that it pursued these offenses as crimes of violence only.

The Government cited this Court's direct appeal decision as concluding that the trial "'evidence expressly *linked* each of" Mr. Tipton's § 848(e) convictions "to a furtherance of the CCE's purposes: either silencing potential informants or witnesses, eliminating supposed drug trafficking rivals, or punishing underlings for various drug-trafficking misfeasances.'" DE 35 at 4 (quoting *Tipton*, 90 F.3d at 887). But this argument fails to apprehend that crimes committed in furtherance of drug-

4

trafficking are not necessarily themselves drug-trafficking crimes. The Government itself underscored this point when detailing Mr. Tipton's § 848(e) convictions, by citing Mr. Tipton's conviction for murdering Douglas Talley with a knife for "mishandl[ing] a drug deal" while quickly noting that this offense "did not serve as a § 924(c) predicate." DE 35 at 4. While the Government asserts on that same page that even this § 848(e) offense "that was not a § 924(c) predicate...was committed to advance the drug trafficking," it fails to reckon with the implications of its exclusion of this offense as a predicate. If Mr. Tipton's drug trafficking trade was necessarily conducted through the use of firearms—as the Government implicitly claims as the basis for these offenses to qualify as § 924(c) predicates under the drug trafficking provision—than the fact that this crime of violence was committed with a knife *would not have precluded* the Government from charging it as a predicate offense for his § 924(c) counts. The fact that the Government did not charge it is tantamount to a concession that their central argument here is unfounded and insufficient to justify the denial of Mr. Tipton's authorization application.

C.    **The § 848(e) Convictions Are Not Valid Murder Predicates**

The Government also contends that Mr. Tipton's § 924(c) convictions rest upon "indisputably valid...murder predicates"—a contention it

supports with a string cite of cases, none of which relies upon a § 848(e)

conviction.  DE 35 at 2.  Rather, each rests upon predicate offenses that

require the finding of a different and greater degree of mens rea than

§ 848(e).  As the Sixth Circuit has recognized, an "intentional killing" under

§ 848(e) "could be read to include" a variety of acts, including "intentionally

engag[ing] in conduct which the defendant knew would create a grave risk

of death to a person other than one of the participants in the offense and

resulting in death to the victim." *United States v. Alvarez*, 266 F.3d 587,

594-95 (6th Cir. 2001). The district court's use of a jury instruction

permitting a finding of guilt on the basis of this mens rea, and the Sixth

Circuit's endorsement of it, provides the reasonable probability that a

§ 848(e) crime could be prosecuted on the basis of this reduced level of

intent to cause bodily injury or death.

The question of whether a mens rea of such extreme recklessness

would satisfy the surviving "force" or "elements" clause under Section

924(c) remains open; the Supreme Court's decision in *Borden v. United*

*States* specifically declined to address whether those "mental states fall

within the [analogous] elements clause" of the Armed Career Criminal Act.

141 S. Ct. 1817, 1825, n.4 (2021).  Given that uncertainty, the validity of Mr.

6

Tipton's § 848(e) convictions is far from "indisputable" and should not be resolved at the authorization stage.

### D.     Mr. Tipton's § 1959 Convictions Are Not Categorically Crimes of Violence

The Government's reliance upon Mr. Tipton's § 1959 convictions as "crimes of violence under under § 924(c)(3)(A)" fares no better.  (DE 35 at 11.  The Government concedes that two of those convictions—for VICAR maiming, which cannot qualify categorically as a crime of violence—are at least "arguably invalid." (DE 35 at 3).  It cites this Court's decisions in *United States v. Mathis*, 932 F.3d 242, 264–65 (4th Cir. 2019), and *United States v. Keene*, 955 F.3d 391 (4th Cir. 2020), however, as "already h[olding] that the murder offenses like those here satisfy § 924(c)(3)(A)." DE 35 at 11.  The Government ignores that the indictments in those cases incorporated the specific state and federal offenses on which the § 1959 charges were based—a marked contrast with Mr. Tipton's § 1959 charges, which *do not specify* which of the multiple crimes listed within its statute is their underlying offense, and which cite no state or federal statute to provide the elements that must be assessed to determine if they satisfy § 924(c)'s surviving "force" or "elements" clause.  As Mr. Tipton has detailed in his proposed Section 2255 motion, his jury was empowered to base his convictions on § 1959 conspiracy, which is not a categorical "crime of violence"; indeed, his trial court specifically instructed the jury that it could

base its finding of guilt on the crime charged or on "conspir[acy] to commit the crime charged in the particular count under consideration." Tr. 3220. And given this Circuit's requirement (which mirrors § 924(c)) that a "crime of violence" requires that the predicate *statute* include, as an element, the specific intent to use strong violent force[1], the fact that neither the indictment, nor the jury instructions, nor the jury's special verdict form referenced any specific "murder" charge or statute makes it impossible to determine whether Mr. Tipton § 1959 predicate statutes of conviction established the necessary mens rea to satisfy § 924(c). While the Government proposes that a Virginia assault statute or a federal generic crime would suffice, the cited precedent from this Court does not support the proposition that a statute can be retroactively identified and grafted on to an indictment, instructions, and verdict form that make no mention of it.[2]  Nor does it support denying Mr. Tipton.

E.      **Mr. Tipton Has Shown a Prima Facie Case**

The Government defends its attempt to force a premature merits analysis of Mr. Tipton's proposed Section 2255 motion by accusing him of arguing "that factual issues cannot be evaluated at the prima facie stage" and "improperly suggest[ing] that every application under § 2255(h)(1)

---

[1] *United States v. Townsend*, 886 F.3d 441, 444–45 (4th Cir. 2018).

[2]  Mr. Tipton notes that this argument has nothing to do with *Ali*.

8

must be granted." (DE 35 at 3.) Not so. Mr. Tipton and the Government even cite much of the same precedent when identifying this Court's standard for assessing authorization applications—including *In re Thomas*'s framing of "a plausible claim for relief" and citation of this Court's prior refusals to "to authorize successive applications...on procedural grounds, for example, when the application would be untimely," or when the application "raised [a] claim presented in a prior application in violation of § 2244(b)(1))." 988 F.3d 783, 790-91 (4th Cir. 2021) (citing *In re Vassell*, 751 F.3d at 272, and *In re Phillips*, 879 F.3d 542, 546–47 (4th Cir. 2018)); Compare DE 35 at 2-3 and DE 37 at 5. But the Government does not cite *Thomas*'s reminder that this Court's consideration of an authorization application "may entail a *cursory* glance at the merits" only, and must "focus" on "the § 2244(b)(2) standards.'" 988 F.3d at 790 (4th Cir. 2021) (emphasis added). Or *In re Hubbard*'s holding that the bar for a prima facie case is "relatively low," and that "it is for the district court to determine whether the new rule extends to the movant's case, not for this court in this proceeding." 825 F.3d 225, 231 (4th Cir. 2016)).

Instead, the Government asks this Court to override the district court's prerogative based on its assessment of whether Mr. Tipton will ultimately prevail. An inquiry properly focused on § 2244 commands a different result. Mr. Tipton has offered a claim that relies upon what this

9

Court has already acknowledged is a new, substantive, and retroactive constitutional rule. See, e.g., *Thomas*, 988 F.3d at 790. Allowing the district court to assess whether it applies to him does not require this Court to "blind [itself] to reality." *In re Thomas*, 988 F.3d at 790–91. On the contrary, this Court could deny him that opportunity only by turning a blind eye to the differences between his case and *Ali* that he has enumerated in this briefing and the prima facie case he has established in his application.[3]

WHEREFORE, Movant Richard Tipton III respectfully requests that this Court grant him authorization to file his Section 2255 Motion in the district court.

---

[3] Mr. Tipton again notes this Court's pending consideration of *U.S. v. Said*, No. 21-7089, in which the district court—after receiving briefing on *Ali*—granted the petitioner's § 2255 motion and vacated his § 924(c) convictions based upon its "grave doubt…based on the record[,] which is unclear on whether the jury relied on the invalid predicate offenses…or valid offenses…or a combination thereof" when finding him guilty. See Order (Doc. No. 632) at 22, *Said v. U.S.*, Case No. 2:10-CR-00057-RAJ-DEM (E.D. Va. July 19, 2021). As with Mr. Tipton, *Said*'s § 924(c) offenses were based on multiple predicates that, unlike *Ali*, were not factually intertwined and were imposed by a jury that was never instructed that it had to decide unanimously which predicate supported its finding of guilt. Mr. Tipton submits that this result alone is sufficient to demonstrate that he has made a "plausible claim for relief that warrants further exploration by the district court." *Thomas*, 988 F.3d at 792.

Respectfully submitted on this, the 19th day of August, 2021.

*/s/ Gerald W. King, Jr.*
Gerald W. King, Jr.
Ga. Bar No. 140981
Chief, Fourth Circuit Capital
Habeas Unit
129 West Trade Street, Suite 300
Charlotte, NC 28202
Tel: (704) 374-0720
Direct: (704) 688-6946
E-mail: gerald_king@fd.org

Stephen Northup
VSB #16547
Troutman Pepper LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmanpepper.com

Jeffrey Lyn Ertel
Ga. Bar No. 249966
Federal Defender Program, Inc.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Jeff_Ertel@fd.org

Frederick R. Gerson
VSB #39968
Durrette, Arkema, Gerson & Gill PC
Bank Of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219
fgerson@dagglaw.com

Counsel for Richard Tipton, III.

11

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that the foregoing memorandum reply brief complies with this Court's rules and its order of July 26, 2021, DE 33, in that it totals fewer than ten (10) pages, and was duly served upon Respondents' counsel of record by CM/ECF filing.

> Richard Cooke, Esq.
> U.S. Attorney's Office
> Eastern District of Virginia
> 2100 Jamison Avenue
> Alexandria, Virginia 22314
> Richard.Cooke@usdoj.gov

> /s/ Gerald W. King, Jr.
> Gerald W. King, Jr.
> Counsel for Richard Tipton, III

12