IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-10

IN RE: RICHARD TIPTON,

*Movant*.

On Movant's Application for Leave to File
a Successive Motion Under 28 U.S.C. § 2255 in the
United States District Court for the Eastern District of Virginia
*The Honorable David J. Novak, District Judge*

MEMORANDUM REPLY BRIEF OF THE UNITED STATES

Raj Parekh
Acting United States Attorney

Richard D. Cooke
Joseph Attias
Assistant United States Attorneys
919 East Main Street, Suite 1900
Richmond, Virginia 23219
(804) 819-5400

*Attorneys for the United States of America*

## Table of Contents

**Page**

Table of Authorities ................................................................................... ii

Argument.................................................................................................1

I.    The Court should deny Tipton's application. ....................................1

Certificate of Compliance .......................................................................12

i

**Table of Authorities**

**Page**

**Cases**

*Bennett v. United States*, 119 F.3d 468 (7th Cir. 1997)..............................................3

*Davis v. Ayala*, 135 S. Ct. 2187 (2015) ...................................................................10

*Hedgpeth v. Pulido*, 555 U.S. 57 (2008)...................................................................10

*In re Irby*, 858 F.3d 231 (4th Cir. 2017) ....................................................................5

*In re Phillips*, 879 F.3d 542 (4th Cir. 2018) ..............................................................3

*In re Thomas*, 988 F.3d 783 (4th Cir. 2021) ..............................................................3

*In re Vassell*, 751 F.3d 267 (4th Cir. 2014) ...............................................................3

*In re Williams*, 330 F.3d 277 (4th Cir. 2003) ............................................................3

*United States v. Adkins*, 937 F.2d 947 (4th Cir. 1991) ..............................................2

*United States v. Ali*, 991 F.3d 561 (4th Cir. 2021) ........................................... *passim*

*United States v. Cannon*, 987 F.3d 924 (11th Cir. 2021) ...........................................1

*United States v. Davis*, 139 S. Ct. 2319 (2019) .........................................................1

*United States v. Hardy*, 999 F.3d 250 (4th Cir. 2021)................................................5

*United States v. Keene*, 955 F.3d 391 (4th Cir. 2020)................................................5

*United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019)...............................................5

*United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016) .............................................2

*United States v. Tipton*, 90 F.3d 861 (4th Cir. 1996)..................................................6

**Statutes**

18 U.S.C. § 2255...........................................................................................................1

18 U.S.C. § 924(c) ....................................................................................................1, 5

21 U.S.C. § 848(e)(1)(A) ................................................................................... *passim*

## Argument

**I.    The Court should deny Tipton's application.**

What complexity there is in Tipton's application for permission to file a successive motion under 18 U.S.C. § 2255 derives at this point from how many different ways there are for his challenged convictions under 18 U.S.C. § 924(c) to be upheld. But one path is especially straightforward.

Section 924(c)(2)'s definition of a "drug trafficking crime" is unaffected by *United States v. Davis*, 139 S. Ct. 2319 (2019). *See, e.g.*, *United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016) (drug-trafficking predicates for § 924(c) unaffected by constitutional vagueness challenges); *United States v. Eldridge*, 2 F.4th 27, 36 n.9 (2d Cir. 2021) (same); *United States v. Cannon*, 987 F.3d 924, 946 (11th Cir. 2021) (same). Section 924(c)(2) defines a "drug trafficking crime" as including "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.)." This definition encompasses a conviction under 21 U.S.C. § 848(e)(1)(A). Therefore, there is no question that an § 848(e)(1)(A) is a drug trafficking crime under § 924(c)(2) and that *Davis* has no effect on it.

Next. Both of Tipton's § 924(c) convictions are supported by predicate violations of § 848(e)(1)(A)—offenses that all involved murders by firearms. Those § 848(e)(1)(A) predicate offenses readily satisfy the elements of § 924(c) because the elements of the two offenses are heavily overlapping.

1

Tipton has essentially three arguments against relying on the above reasoning to uphold his § 924(c) convictions. *First*, he claims, without foundation, that the § 848(e)(1)(A) offenses were not treated as drug trafficking crimes under the jury instructions. That is not true. The jury instructions listed all of the predicate offenses and said that they "are crimes of violence or drug trafficking crimes." Tr. 3223. And the fact that an § 848(e)(1)(A) offense involves a murder makes it no less a felony punishable under the Controlled Substances Act. It is also irrelevant whether the jury instructions classified the § 848(e)(1)(A) offenses as drug trafficking crimes. The classification of a predicate offense is a question of law for the court, not for the jury. *See, e.g.*, *United States v. Adkins*, 937 F.2d 947, 950 n.2 (4th Cir. 1991) ("Whether an offense is a 'crime of violence' is a question of law for the court, and not a question of fact for the jury. . . . Any error in submitting the issue to the jury benefited Adkins, however, by giving him a 'bite at the apple' to which he was not entitled."); *United States v. McNeal*, 818 F.3d 141, 151 (4th Cir. 2016).

*Second*, Tipton argues that applying the harmlessness standard under *United States v. Ali*, 991 F.3d 561, 574–76 (4th Cir. 2021), is too fact intensive to justify denying an application for a successive § 2255. But he does not actually offer any facts about how the jury could have failed to find (a) that each § 848(e)(1)(A) predicate was proven when the jury separately convicted Tipton of each of those

2

offenses or (b) that the murders by firearm charged in those § 848(e)(1)(A) offenses satisfies the other elements of § 924(c).

Tipton also does not dispute—because he cannot—that under the prima facie showing required for an application for a successive § 2255, it must at least 'appear[] *reasonably likely*' that the second or successive application satisfies the § 2244(b) requirements so as to 'warrant fuller exploration by the district court' as to whether they are *actually satisfied*." *In re Phillips*, 879 F.3d 542, 546 (4th Cir. 2018) (quoting *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003); *Bennett v. United States*, 119 F.3d 468, 469–70 (7th Cir. 1997)). As just explained, Tipton cannot identify any way in which it is reasonably likely that he can meet his burden of showing that the jury would not have relied on the § 848(e)(1)(A) offenses in convicting him of violating § 924(c). He cannot show that his claims are "plausible." *In re Thomas*, 988 F.3d 783, 791 (4th Cir. 2021) (quoting *In re Irby*, 858 F.3d at 233). And "[a] claim is not plausible if it would clearly fail, as authorizing such a claim would be 'an exercise in futility.'" *In re Thomas*, 988 F.3d at 791 (quoting *In re Vassell*, 751 F.3d 267, 271 (4th Cir. 2014)). Tipton's effort to escape these standards by saying that *Ali* was a case on direct appeal where the claim was reviewed for plain error is also unpersuasive given that he ultimately faces a *more demanding* standard on collateral review for a procedurally defaulted claim.

*Third*, Tipton argues that his case is distinguishable from *Ali* because the jury instructions in his case did not require the jury to find each element of the § 924(c)—including, in particular, the predicate offense—beyond a reasonable doubt. But not only did the jury return a separate guilty verdict for each § 848(e)(1)(A) count underlying his § 924(c) convictions, but also the jury instructions for the § 924(c) offenses are not as Tipton describes. The district court instructed the jury as follows:

> In order to sustain its burden of proof of the crime of using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime as charged in Counts Six, Nine, Twelve, Fifteen, Twenty, and Twenty-six of the indictment, the government must prove *the following two elements beyond a reasonable doubt*: *One, the defendant committed the crime as charged in the indictment*; and two, during and in relation to the commission of that crime, the defendant knowingly used or carried a firearm.

Tr. 3222. In this instruction, the phrase "the defendant committed the crime as charged in the indictment" plainly refers to the particular predicate offense, and the instructions told the jury that the government must prove that element beyond a reasonable doubt.

The points above show why Tipton's challenge to his § 924(c) must inevitably be rejected. But as noted above, Tipton's § 924(c) challenges also fail for a host of additional reasons. Although this Court need not reach these other grounds, for the sake of completeness, the United States briefly reviews them now.

The lynchpin of Tipton's Memorandum Brief is that, after *Davis*, the "only surviving predicate offenses" are "his convictions for drug-trafficking in violation

4

of 21 U.S.C. § 841(a)(1). (Def. Mem. Br. 11.) By this, Tipton presumably refers to his convictions for possessing with intent to distribute cocaine base (Counts 32 and 33). But Tipton's firearm convictions in Counts 20 and 26 did not rely on the § 841(a)(1) offenses charged in Counts 32 and 33 as predicates. (*See* ECF No. 2-2 at 57 (Count 20); 60 (Count 26).) As such, Tipton's entire argument regarding the "separability" of his § 841(a)(1) convictions from the ostensibly now invalid predicates charged under 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C § 1959 fails.

As already explained above, 848(e)(1)(A) is a valid "drug trafficking crime" under 18 U.S.C. § 924(c)(2). In addition, § 848(e)(1)(A) also remains a valid crime of violence after *Davis*. To convict a defendant under § 848(e)(1)(A), the government must prove that he intentionally killed a person. Such proof satisfies 18 U.S.C. § 924(c)(3)(A). *See, e.g.*, *United States v. Mathis*, 932 F.3d 242, 264–65 (4th Cir. 2019); *In re Irby*, 858 F.3d 231, 236–38 (4th Cir. 2017).

The VICAR murders (Counts 21-23, 27-28) and maiming (Counts 29-30) are likewise crimes of violence under § 924(c)(3)(A). *See Mathis*, 932 F.3d at 264–65; *United States v. Keene*, 955 F.3d 391 (4th Cir. 2020). VICAR maiming also satisfies § 924(c)(3)(A); *United States v. Hardy*, 999 F.3d 250, 257 n.4 (4th Cir. 2021).

In short, all the predicate offenses underlying Tipton's convictions on Counts 20 and 26 remain valid after *Davis*. Resisting this conclusion, Tipton argues that "there is no evidence in the record demonstrating that firearms were used *in the*

*commission* of [his] only surviving predicate offenses[.]" Def. Mem. Br. at 11. This argument clearly fails as the jury convicted Tipton of violating § 848(e)(1)(A) and § 1959 for his drug-related murders of Bobby Long, Anthony Carter, Dorothy Mae Armstrong, Curtis Thorne and Linwood Chiles, and the maimings of Priscilla Green and Gwendolyn Green.

As to Count 20, Tipton participated in the murders of Armstrong, Long, and Carter. Armstrong was murdered over a drug debt. *United States v. Tipton*, 90 F.3d 861, 869 (4th Cir. 1996). Long and Carter were shot to death because they witnessed Armstrong's murder. In late January 1992, after being threatened by codefendant Johnson for failing to pay for a supply of crack cocaine, Armstrong relocated to her brother Bobby Long's house. *Tipton*, 90 F.3d at 868. After discovering Armstrong's new location, Tipton drove Johnson and another individual to a house where they obtained a bag of guns. *Id*. They then travelled to Long's house. Upon arrival, Johnson and the other individual exited the car, approached the house, and opened fire, killing Armstrong and Anthony Carter. Long fled out the front door but Johnson fatally shot him. As this Court recounted on direct appeal, Tipton "was instrumental in planning the murders and directly aided their execution by driving Cory Johnson, the designated executioner, to the scene, awaiting accomplishment of the deed in a getaway car, then driving the executioner from the scene." *Id*. at 890.

6

As to Count 26, Tipton participated in the murders of Thornes and Chiles. In February 1992, codefendant Johnson began suspecting that Chiles was cooperating with the police. After arranging to meet with Chiles, Tipton and Johnson shot him at close range after instructing him to place his head on the steering wheel of his car. *Id.* at 869. Tipton and Johnson also murdered Thorne, who was also present, by gunfire. As this Court put it, "Tipton and Johnson planned the executions of both victims for suspected treachery (Chiles) and thievery (Thorne) in relation to the drug-trafficking enterprise, and . . . Tipton was present at the scene as an active participant in seeing that the executions were carried out and that those responsible escaped detection." *Id.* at 890; *id.* at 897 ("Tipton, in concert with Cory Johnson, substantially planned and premeditated those murders in which he and Johnson actively participated.").

On this record, it is impossible for Tipton to claim that "there is no evidence . . . demonstrating that firearms were used in the commission" of his violations of § 848(e)(1)(A) and § 1959. As this Court explained, the murders that formed the basis of the § 924(c) convictions were "all in relation to [the defendants'] drug-trafficking operation," and occurred "because their victims were suspected of treachery or other misfeasance, or because they were competitors in the drug trade, or because they had personally offended one of the 'partners.'" *Id.* at 868.

This case is far less complicated than Tipton suggests. Tipton was convicted of every count underlying his convictions on Counts 20 and 26. Even if the Court assumes the invalidity of one or more crime-of-violence predicates, the record in this case makes it impossible to conclude that the jury did not find that Tipton used a firearm in furtherance of the undisputedly valid drug-related murders charged under § 848(e)(1)(A) (Counts 17, 18, 19, 24, and 25). As noted above, § 848(e) is a valid drug-trafficking predicate and is enough—on its own—to support the § 924(c) convictions charged in Counts 20 and 26. The § 848(e)(1)(A) murder convictions are coextensive with the VICAR murders charged in Counts 21-23 and 27-30. Even assuming all the VICAR offenses are invalid under *Davis*, no jury could have concluded that Tipton used a firearm in furtherance of one but not the other.

This Court's decision in *Ali* settles the question of how to assess the post-*Davis* validity of multi-predicate § 924(c) offenses. Under *Ali*, Tipton must demonstrate that "the outcome" of his trial "would have been different absent the improper instruction." *Ali*, 991 F.3d at 575. Even assuming *Davis* wiped out every crime-of-violence predicate for Counts 20 and 26, Tipton still cannot show his trial's outcome "would have been different."

Tipton was separately convicted on all the § 848(e)(1)(A) murders charged under Counts 20 and 26, and the only way to conclude that he *did not* use a firearm in furtherance of *those* offenses is to disregard the jury's verdict itself. Tipton has

8

filed nine pleadings in this case. (*See* ECF Nos. 2, 9, 10, 11, 16, 20, 23, 32, 37.) At no point has he ever explained how any *Davis* error—the inclusion of now-invalid predicates—affected Counts 20 and 26 given that he was separately convicted of murdering Long, Carter, Armstrong, Thorne and Chiles with a firearm. Tipton does not come close to meeting even *Ali*'s plain-error standard, to say nothing of showing a "substantial and injurious" effect. *United States v. Smith*, 723 F.3d 510, 517 (4th Cir. 2013).

Tipton has had numerous opportunities to make some sort of preliminary prejudice-showing and has failed at every turn. Moreover, Tipton's proposed § 2255—the motion in which he *would be* required to demonstrate actual prejudice—fails on that score as well. *Ali* dooms Tipton's case. The cornerstone of Tipton's initial argument seeking authorization from this Court was that, under the modified categorical approach, the Court had to presume that the jury convicted him of the least serious form of violating § 848(e) and § 1959. *Ali* forecloses using the modified categorical approach in this way. *Ali* also refutes Tipton's initial argument that because "even one invalid predicate undermines [his] § 924(c) convictions under the modified categorical approach, the resulting uncertainty leaves those convictions untenable." (ECF No. 2-2 at 23.) Tipton's proposed § 2255 argues that it is "impossible to tell whether the jury found [him] guilty of § 924(c) based upon a crime itself or the conspiracy to commit it." *Id*. at 25. This argument fails because

9

"impossible to tell" is not the appropriate standard, as *Ali* confirms. And in any event, it is *not* impossible to tell how the jury voted. This Court has held that Tipton aided and abetted the Armstrong, Carter, and Long murders, and that he was either a principal or an aider and abettor in the Chiles and Thorne murders. *Tipton*, 90 F.3d at 890. *Ali* confirms that "aiding and abetting a crime of violence is [] categorically a crime of violence." 991 F.3d at 574.

In Tipton's final attempt at distinguishing *Ali*, he argues that the jury in his case was not instructed that it had to be unanimous as to the specific underlying predicates. Def. Mem. Br. at 14. But the record citations on which Tipton relies do not establish that the court in *Ali* instructed the jury to be unanimous as to *each predicate*. Rather, the court told the jury to be unanimous as to *each element*. But Tipton's unanimity argument fails for several other fundamental reasons. A habeas petitioner cannot demonstrate prejudice by simply relying on speculation. *See Davis v. Ayala*, 135 S. Ct. 2187, 2205 (2015); *Hedgpeth v. Pulido*, 555 U.S. 57, 60 (2008). Tipton was convicted of every underlying predicate offense, and it strains credulity to suggest that the same jury that convicted Tipton of murdering five people with a firearm would have disagreed over whether he used a firearm in furtherance of those same murders. *See United States v. Myers*, 280 F.3d 407, 414 (4th Cir. 2002).

For the reasons explained above, the Court should deny Tipton's application to file a successive § 2255 petition.

10

Respectfully submitted,

Raj Parekh
Acting United States Attorney


_____ /s/

Richard D. Cooke
Joseph Attias
Assistant United States Attorneys

11

**Certificate of Compliance**

I certify that this brief was written using 14-point Times New Roman typeface and Microsoft Word 2016.

I further certify that this memorandum reply brief does not exceed 10 pages, as per the Court's order, excluding the table of contents, table of authorities, this certificate, the certificate of service, and any addendum.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.

/s/

Joseph Attias
Assistant United States Attorney

12